ALFRED FREED, Plaintiff, *v.* LOEW'S, INCORPORATED, Defendant.

Supreme Court, Special Term, Bronx County, December 18, 1940.

*Milton E. Haft*, for the plaintiff.

*J. Robert Rubin*, for the defendant.

HAMMER, J.   Plaintiff's action is for an injunction and damages for a violation of his right of privacy under sections 50 and 51 of the Civil Rights Law.   Plaintiff joined the United States navy in 1906 and after serving for thirty years was retired on full pension in 1937 as a chief gunner's mate, the navy's highest non-commissioned office.   He was detailed in 1917 to the navy's publicity bureau which was fostering recruiting for World war service through posters painted by famous artists.   James Montgomery Flagg was engaged in painting one of these and plaintiff in uniform was assigned to pose as the sailor being depicted.   The painting in which a female figure depicts Columbia holding the flag, and a male civilian being exhorted by the sailor figure to join the navy and make American history, shown against a background of shore and sea and with an American warship in the distance, became the most widely-known poster during the World war period, and 100,000 copies were used throughout the United States and its possessions in aid of recruiting.   In 1939 defendant produced a motion picture titled " Thunder Afloat " and had the co-operation of the navy department, as the pictured story showed fictitious scenes of operations by the United States navy in the World war, especially in respect to the menace of U-boat submarine warfare. The moving picture consists of 8,542 feet of film and takes ninety-four minutes to run.   The poster appears as part of the dressing for a navy recruiting office and is carried upon nine feet of film which are shown for six seconds of the run, and the face of the sailor depicted can be seen for three seconds.   The sailor figure depicted resembles plaintiff.   His friends readily recognized him, especially as they knew he posed.   They should be expected to, as he was the model who posed for the artist.   Undoubtedly the other figures resemble their models in the poster.   But the figure is not more than a part of an artist's idealized conception of the pictured group in the setting which was to be his creative work. Plaintiff was only a figure in a preliminary form used as a pattern from which the artist executed his ultimate design.   Such part as he found available he used.   Such improvements in physique or features as he conceived desirable he adapted in the course of his work.   The result cannot be regarded as a portrait or picture of plaintiff within the meaning of the Civil Rights Law.   *Binns* v. *Vitograph Co.* (147 App. Div. 783; affd., 210 N. Y. 51) does not support plaintiff's view.   There Binns, a wireless operator employed by the Marconi Wireless Telegraph Company on the steamship *Republic*, which collided with the steamer *Florida*, through gallantly remaining on duty and sending out radio messages, was mainly responsible for saving the lives of about 1,700 passengers

and the officers and crews. His services were commended by many nations, public bodies and the press of the orld. He refused offers to capitalize upon his fame by appearances in exhibitions and movies. But the defendant against his desire produced a motion picture exploiting " A True Story of the Wreck of the Republic " and Binns' part in the rescue by having an actor impersonate him. The whole theme of the story was built about and upon Binns. Here plaintiff, as part of his duty in the navy, for which he was paid, posed as a model in a picture later used in navy recruiting posters by the navy. If there are proprietary rights in that picture, they are those of the navy, and not of plaintiff. Under the circumstances outlined above, the use by the defendant, merely incidental to the protrayal of a naval picture with no intent of exhibiting plaintiff or his likeness, cannot be held to be a use of plaintiff's portrait or picture for the purposes of trade or of advertising. If it cannot be said that the picture is one of plaintiff within the intendment of the Civil Rights Law or its use prohibited thereunder, then plaintiff's notice to defendant that it was his picture and his demand that the use cease did not create an actionable wrong.

Defendant is entitled to judgment dismissing plaintiff's complaint upon the merits.

Submit decision and judgment on notice.