## LEVEY v. WARNER BROS. PICTURES, Inc.

District Court, S. D. New York.
July 28, 1944.

Harry H. Oshrin and Harry Weinberger, both of New York City, for plaintiff.

R. W. Perkins, by Joseph D. Karp and Stanleigh P. Friedman, all of New York City, for defendant.

BONDY, District Judge.

The plaintiff, Ethel Levey, claiming that her right of privacy has been violated by the production and exhibition of the motion picture "Yankee Doodle Dandy" by the defendant, Warner Bros. Pictures, Inc., brought this action under the Civil Rights Law of the State of New York, Consol. Laws, c. 6, to recover damages and to enjoin the further distribution and exhibition of the picture in this state in its present form.

The action was removed to this court from the Supreme Court of this state, on the ground of diversity of citizenship of the parties.

Section 51 of the Civil Rights Law of the State of New York provides that any person whose name, portrait or picture is used within the State of New York for advertising purposes or for the purposes of trade without his written consent first obtained, may maintain an equitable action against the person, firm or corporation so using his name, portrait or picture to prevent the use thereof, and may also sue to recover damages for injuries sustained by reason of such use.

To establish that her picture or portrait was used in the motion picture, the plaintiff told the story of her life. She described theatrical performances in which she took part with George M. Cohan and also the following events of her life, which she claims were featured in the picture:

She testified that in 1898, when she was seventeen years of age and had met with some success as an actress and singer in vaudeville, she was invited to join others in a room in a hotel in Chicago. There she met George M. Cohan for the first time. He was then about twenty years of age and appearing in another vaudeville with his father, mother and sister. Cohan proposed to her the first time they met. He gave her two songs which he had composed and which she sang the following Monday at the opening of the show in which she took a part. She became Cohan's sweetheart and continued to sing songs which he composed. In July, 1899, they were married and thereafter she took a leading part in the plays which he wrote and produced. She also testified that it was largely through her efforts that in 1904 Sam H. Harris, a producer, was induced to finance the production and exhibition of the play "Little Johnny Jones," which was one of the outstanding

Cohan successes. In 1905 at the opening in Chicago of the musical play "Forty-Five Minutes From Broadway," written by her husband Cohan, she was in a box with him and his parents and heard the popular song "Mary" sung by Fay Templeton, a well-known actress. In December, 1906, the plaintiff and Cohan separated and in June, 1907, she obtained a divorce. In the same year Cohan married a girl with whom he lived until his death November 9, 1942.

After her divorce and until recently, the plaintiff spent most of her time abroad, where she married again in 1916.

In 1941 the defendant obtained the consent of George M. Cohan in writing, to produce and exhibit a motion picture based on his life and experiences and the right to use therein plays, songs and music written and composed by him.

In 1942, thirty-five years after the divorce, the defendant produced and exhibited in the State of New York the motion picture "Yankee Doodle Dandy" which was, as the plaintiff in her complaint characterizes it, "a dramatic and fictional biographic presentation of the life of one George M. Cohan, one of the foremost and successful actors, playwrights, composers, directors and theatrical producers of the early twentieth century and for many years thereafter."

The picture shows the life of George M. Cohan, more or less fictional, from the time of his birth, July 4, 1878, to 1940, when the President of the United States presented the Congressional Medal of Honor to him. In the picture Cohan is impersonated by James Cagney and a fictitious character "Mary" by Joan Leslie. At the beginning it shows Mary and Cohan, when advanced in years and towards the end of the theatrical career of Cohan, as husband and wife and at a time when the picture of Mary could not have any reference to the plaintiff. It does not disclose that Cohan ever was divorced and it gives the impression that Mary was the only woman he ever married. In the picture, which reverts to an earlier period of Cohan's life, Mary when about seventeen years of age, stage struck and ambitious for a theatrical career, after having seen Cohan perform on the stage, goes uninvited into his dressing room. He is still in his disguise of an old man with a beard. They dance for one another. When his disguise is removed, Mary is terrorized to discover that Cohan is a young man about twenty years of age. Cohan at once becomes interested in Mary and writes songs for her. Mary and Cohan meet Harris and together they succeed in obtaining financial aid for the production of "Little Johnny Jones" but in a manner entirely different from that in which plaintiff described, it was obtained. In the picture Mary is seen in a box with Cohan and Sam Harris at the first production of "Forty-Five Minutes From Broadway" in New York City in 1905. Fay Templeton, impersonated by Irene Manning, sings the song "Mary" which the picture reveals had been written for Mary and with the intention that it was to be sung by Mary. On this occasion Mary is seen wearing a wedding ring indicating for the first time that she and Cohan were married.

The picture features music and reproduces scenes from musical plays written and produced by Cohan not only during the comparatively few years during which he was married to the plaintiff, but also from innumerable other musical plays which he wrote and produced during his long and successful career as an actor, composer, author, playwright and producer. No use is made in the picture of the name Mrs. George M. Cohan or Ethel Levey, the stage name by which the plaintiff generally has been known. In the picture there is not reenacted by Joan Leslie any character played by the plaintiff. With one exception Mary never sings alone any song which was sung alone by plaintiff. Mary does not take a leading or conspicuous part in the picture. In it she is a member of the chorus and sings and dances as a member of the chorus. Joan Leslie, who impersonates Mary, does not look nor act like plaintiff. Similarities, if any, between the events of plaintiff's life and the episodes shown in the picture are too insignificant to characterize the plaintiff and are merely incidental to the theme of the picture. It may be that persons who knew the plaintiff or saw her act in plays from which scenes were reproduced in the picture may have been reminded that the plaintiff took part therein but neither the plaintiff herself nor any one who knew her or saw her act or heard her sing would reasonably be led to believe that Joan Leslie portrayed the plaintiff. The reproduction in the picture of songs plaintiff sang and of scenes in which she took part and the introduction of fictional characters and a largely fictional treatment of Cohan's life may hurt plaintiff's feelings but they do not violate her right of privacy.

The right of privacy in this state exists only to the extent that it has been granted by statute, the enactment of which followed the decision by the Court of Appeals of this state in Roberson v. Rochester Folding Box Co., 171 N.Y. 538, 64 N.E. 442, 59 L.R.A. 478, 89 Am.St.Rep. 828, holding that under the laws of this state as theretofore existing a person whose actual portrait has been used for advertising without his consent did not have any redress. "The statute is in part, at least, penal, and should be construed accordingly," Binns v. Vitagraph Co., 210 N.Y. 51, 55, 103 N.E. 1108, 1110, L.R.A.1915C, 839, Ann.Cas. 1915B, 1024, and it accordingly has been strictly construed in this state. See Humiston v. Universal Film Manufacturing Co., 189 App.Div. 467, 476, 178 N.Y.S. 752; Pfaudler v. Pfaudler Co., 114 Misc. 477, 186 N.Y.S. 725, affirmed without opinion 197 App.Div. 921, 188 N.Y.S. 946; Freed v. Loew's Inc., 175 Misc. 616, 24 N.Y.S.2d 679. The words in the statute "portrait or picture" of a person require more than a mere picture of a scene suggested by a play. They require a clear representation of a person whether by photograph, statue, imitation or word painting. They require a representation of a person at least approaching likeness.

In the photoplay and in its press exploitation book the defendant states that "Yankee Doodle Dandy" is based on the story of George M. Cohan or that it is the life story of George M. Cohan. These statements do not suggest that Mary in appearance, personality, character, mannerism or action resembles the plaintiff or represents the plaintiff.

Under a picture showing Mary and Cagney in a box it is stated "Mr. and Mrs. George M. Cohan as portrayed by Joan Leslie and James Cagney, appearing in Warner Bros. 'Yankee Doodle Dandy' the star spangled story of America's number one showman George M. Cohan." This reference to Mr. and Mrs. George M. Cohan does represent that the fictional Mary is the wife of Cohan but it does not represent that she is the plaintiff. In view of the fact that the picture does not disclose any divorce and gives the impression that Mary was the only Mrs. Cohan, it can not be said that plaintiff is portrayed in that picture.

The motion picture does not sufficiently portray or picture the plaintiff to justify the conclusion that the defendant violated any right of privacy afforded her by the Civil Rights Law.

The defendant accordingly is entitled to a decree dismissing the complaint.