OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
The factual setting of this litigation is described in the opinion at the Appellate Division. For present purposes the allegations and assertions on which plaintiffs predicate their claims for invasion of privacy must be viewed in the light *860 most favorable to them. In that perspective it appears that in the publication of two books and a movie (which do not purport to be historical or documentary accounts of newsworthy interest but which are nonetheless represented as true and accurate stories), defendants for commercial advantage have portrayed plaintiffs in sufficiently detailed accuracy of physical characteristics and activities as to result in their effective identification.
Three observations suffice for the disposition of this appeal. First, the present motion to dismiss is not addressed to the related causes of action sounding in defamation; those causes of action therefore remain for future disposition. Next, it is undisputed that plaintiffs’ names, portraits or pictures were not used in the books or in the movie; thus no cause of action is stated under sections 50 and 51 of the Civil Rights Law. Finally, whatever may be the law in other jurisdictions with respect to the right to judicial relief for invasion of privacy in consequence of unreasonable publicity, in our State thus far there has been no recognition of such right other than under sections 50 and 51 of the Civil Rights Law. (See Nader v General Motors Corp., 25 NY2d 560, 573 [concurring opn of Breitel, J.]; Flores v Mosler Safe Co., 7 NY2d 276, 280.)
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
Order affirmed.