■ AARON FROSCH, as Executor of MARILYN MONROE, Deceased, Appellant, v GROSSET & DUNLAP, INC., et al., Respondents.—Order, Supreme Court, New York County, entered March 23, 1979, granting motions of defendants for summary judgment dismissing the complaint, is unanimously affirmed, with costs. Plaintiff, executor of the estate of the famous film actress Marilyn Monroe, sues to recover damages for invasion of the "right of publicity" alleged to adhere in the decedent's name, personality, photographs, etc. Plaintiff claims that this right of publicity is infringed by the publication of a book entitled "Marilyn," written by defendant Norman Mailer and published by defendant publishers. The book was written and published some years after the death of Marilyn Monroe. The statutory right of privacy applies to the name, portrait or picture of "any living person" (Civil Rights Law, § 50); and it is thus on its face not applicable to the present book. Plaintiff, however, claims that there is an additional property right, a right of publicity which survives the death of Miss Monroe and belongs to the estate. No such nonstatutory right has yet been recognized by the New York State courts (cf. *Wojtowicz v Delacorte Press,* 43 NY2d 858). The cases on the point in other courts have taken varying positions (cf. *Factors Etc., Inc. v Pro Arts,* 579 F2d 215; *Lugosi v Universal Pictures,* 25 Cal 3d 813; *Guglielmi v Spelling-Goldberg Prods.,* 25 Cal 3d 860). Special Term held that the book here involved is what it purports to

be, a biography, and as such did not give rise to a cause of action in favor of the estate for violation of a right of publicity. Plaintiff disputes the characterization of the book as a biography. We think it does not matter whether the book is properly described as a biography, a fictional biography, or any other kind of literary work. It is not for a court to pass on literary categories, or literary judgment. It is enough that the book is a literary work and not simply a disguised commercial advertisement for the sale of goods or services. The protection of the right of free expression is so important that we should not extend any right of publicity, if such exists, to give rise to a cause of action against the publication of a literary work about a deceased person. Concur—Birns, J. P., Sandler, Sullivan, Ross and Silverman, JJ.