■ PEDRO NIEVES, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant.—Order of the Supreme Court, Kings County, dated November 1, 1979, affirmed, with $50 costs and disbursements. No opinion. Titone and Weinstein, JJ., concur.

Damiani, J. P., and Cohalan, J., concur in the result on constraint of *Gonzalez v Texaco, Inc.* (71 AD2d 666).

■ FRANK PASSANTINO, Plaintiff, and P & F MACHINE CORP., Respondent, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Appellant.—In an action to recover damages predicated upon defendant's wrongful termination of electrical service, defendant appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Kings County, entered March 10, 1980, as, after a jury trial, awarded the corporate plaintiff punitive damages in the principal amount of $18,000. Judgment reversed insofar as appealed from, on the law, without costs or disbursements, and the complaint is dismissed insofar as it seeks punitive damages. It is well settled that punitive damages are only available for the vindication of a public right and where the defendant's conduct is malicious, willful, reckless, or amounts to criminal indifference to a civil obligation. (See *Granato v Allstate Ins. Co.,* 70 AD2d 948; 9 Encyclopedia New York Law, Damages, § 63.) It is not the form of the action which determines the right to punitive damages, but the moral culpability of the defendant. *(Walker v Sheldon,* 10 NY2d 401, 404-405.) Our review of the record reveals that respondent failed to establish the requisites for an award of punitive damages. Although it is undisputed that the defendant's actions were intentional, there is no evidence from which it could reasonably be inferred that the defendant's culpability was such as to justify an award of punitive damages. Damiani, J. P., Titone, Cohalan and Weinstein, JJ., concur.