■ EUGENE ALLEN, Respondent-Appellant, v BARBARA GORDON et al., Appellants-Respondents. — Order, Supreme Court, New York County (Shorter, J.), entered April 2, 1981, which dismissed the third cause of action in the complaint on defendants' motion to dismiss the four causes of action in the complaint, unanimously modified, on the law, to the extent of dismissing also the first, second and fourth causes of action, and, as so modified, affirmed, without costs and disbursements. Plaintiff's action is for libel, invasion of

privacy, negligence and injunctive relief. Under *Rovello v Orofino Realty Co.* (40 NY2d 633) and *Guggenheimer v Ginzburg* (43 NY2d 268), it is clear that where the affidavits on a motion to dismiss made under CPLR 3211 (subd [a], par 7) conclusively establish that plaintiff has no cause of action, dismissal is warranted. Where the facts are not in dispute, the mere iteration of a cause of action is insufficient to sustain a complaint where such facts demonstrate the absence of a viable cause of action. On this record it is conceded that defendant Gordon was never treated by plaintiff, that the name "Dr. Allen" used in said defendant's book was selected at random as a commonly used name, that no first name and no physical description of the person called "Dr. Allen" was given in the book (other than he had an "angular" face), that the location of the office of "Dr. Allen" in the book is different from the location of plaintiff's office and that there was a disclaimer prominently displayed immediately prior to the first page of the text which indicated that all names used, other than defendant Gordon's were fictitious. Plaintiff clearly failed to show that the publication was "of and concerning" him and has failed to state a cause of action for libel. The mere fact that he is the only psychiatrist surnamed Allen in Manhattan is insufficient as the circumstances delineated above mandate the conclusion that there is nothing in the complaint showing that the book was about or referred to the plaintiff (see *Julian v American Business Consultants,* 2 NY2d 1, 17). The second cause of action for invasion of privacy under sections 50 and 51 of the Civil Rights Law fails because there is no clear identification of plaintiff in the portrayal of the character "Dr. Allen" in the book which would prompt a rational reader to conclude that plaintiff was being described (see *Wojtowicz v Delacorte Press,* 58 AD2d 45, affd 43 NY2d 858). Since no cause of action for libel or invasion of privacy exists, the third cause of action for negligence in failing to modify the character's name or to distinguish the psychiatrist in the book from plaintiff and the fourth cause of action for injunctive relief, necessarily fail. Concur — Murphy, P. J., Birns, Sullivan, Lupiano and Bloom, JJ.