■ Dolores Novel, Appellant, v Beacon Operating Corp., Respondent. — Appeal by the plaintiff from a judgment of the Supreme Court, New York County (Williams, J.), entered March 11, 1981, which is in favor of the defendant upon the trial court's dismissal of the complaint at the close of the plaintiff's case, at a nonjury trial. (The appeal was transferred to this court by order of the Appellate Division, First Department, dated Oct. 6, 1981.) Judgment affirmed, without costs or disbursements. Plaintiff seeks to recover damages from her landlord on the basis that the latter's unauthorized entry into her apartment and taking of pictures therein constituted an invasion of privacy. In New York, recovery for violation of one's right to privacy is provided for in the Civil Rights Law. No common-law right to privacy exists. (See *Cohen v Hallmark Cards,* 45 NY2d 493, 497, n 2; *Wojtowicz v Delacorte Press,* 43 NY2d 858.) "[T]he right protected [under the statute] is the right to be protected against commercial exploitation of one's personality without his written consent" (*Hill v Hayes,* 18 AD2d 485, 488). As no evidence of any "commercial exploitation" was adduced at trial, no cause of action has been stated. Mollen, P. J., Lazer, Cohalan and Thompson, JJ., concur.

■ Michael J. O'Brien, Appellant, v Long Island Rail Road Company et al., Respondents. — In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Managers of the Long Island Rail Road Company Pension Plan, which denied petitioner benefits under a 1974 amended pension plan, petitioner appeals from a judgment of the Supreme Court, Queens County (Dufficy, J.), dated July 17, 1980, which dismissed the petition. Judgment affirmed, without costs or disbursements. We find that petitioner's break in service, which occurred after July 1, 1971 but prior to July 1, 1974, precluded him from obtaining benefits under the 1974 amended pension plan. Accordingly, there was a sufficient basis to support the findings of the Board of Managers of the Long Island Rail Road Company Pension Plan. Mollen, P. J., Lazer, Cohalan and Thompson, JJ., concur.

■ Frank Passantino, Plaintiff, and P & F Machine Corp., Respondent, v Consolidated Edison Company of New York, Inc., Appellant. — In an action to recover damages predicated upon defendant's wrongful termination of electrical service, defendant appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Kings County (Held, J.), entered March 10, 1980, as, after a jury trial, awarded the corporate plaintiff punitive damages in the principal amount of $18,000. By order dated December 29, 1980, this court reversed the judgment insofar as appealed from, on the law, and dismissed the complaint insofar as it sought punitive damages (*Passantino v Consolidated Edison Co. of N. Y.,* 79 AD2d 704). On October 13, 1981, the Court of Appeals reversed the order of this court and remitted the case to this court for "determination of questions of fact" (54 NY2d 840, 843). Judgment affirmed insofar as appealed from, with costs. No opinion. Damiani, J. P., Titone, Weinstein and Cohalan, JJ., concur.