OPINION OF THE COURT
Simons, J.
Plaintiffs bring this action pursuant to section 51 of the Civil Rights Law seeking damages from defendants for publishing photographs of them for advertising purposes. *382 It is conceded for purposes of this appeal that plaintiffs are the persons shown in the photographs and that defendants used the photographs as claimed without their consent. The legal issue submitted is whether a photograph of the nude plaintiffs, mother and child, which shows their bodies full length as viewed from a position behind and to the right of them, and which does not show their faces, reveals sufficiently identifiable likenesses to withstand defendants’ motions for summary judgment. We hold that it does.
The action arises from these facts.
On the July 4th weekend in 1977, plaintiffs were visiting friends in Woodstock, New York, and Susan Cohen and her four-year-old daughter, Samantha, went bathing in a stream located on their friends’ private property. Without their consent, defendant James Krieger took photographs of plaintiffs and subsequently sold them to defendant Herbal Concepts, Inc., a seller and advertiser of consumer products. Herbal Concepts used one of the photographs in an advertisement for Au Naturel, a product designed to help women eliminate body cellulite, those “fatty lumps and bumps that won’t go away”. The advertisement appeared in two editions of House and Garden, which is published by defendant Conde Nast Publications, Inc., and in single editions of House Beautiful and Cosmopolitan, which are published by defendant Hearst Corporation. Ira Cohen subsequently recognized his wife and daughter in the advertisements while reading one of the magazines and this action followed.
Plaintiffs Susan and Samantha Cohen alleged causes of action seeking compensatory and exemplary damages based upon violations of section 51 of the Civil Rights Law and defamation and plaintiff Ira Cohen alleged causes of action seeking damages for loss of his daughter’s services and loss of consortium. Defendants moved first for summary judgment on the defamation and derivative causes of action and Special Term granted those motions. They then moved for summary judgment on Susan and Samantha Cohen’s causes of action based upon section 51 of the Civil Rights Law. Special Term granted those motions also and dismissed the complaint in its entirety. Plaintiffs appealed *383 to the Appellate Division from the second order. It reversed and reinstated the privacy causes of action and granted defendants Hearst and Conde Nast leave to appeal to this court.
Special Term dismissed the privacy actions because it concluded “the identities of the plaintiffs cannot be determined from the picture.” Although the Appellate Division Justices were unanimous for reversal, they differed in their reasons for doing so. Two Justices held that section 51 requires only an identifiable likeness capable of being recognized by others, not an identifiable facial representation. They thus concluded that the identification of plaintiffs was a question for the jury. Two other Justices concurred, stating that in their view it was sufficient that the picture was of the plaintiffs and that plaintiffs could identify it as such. Justice Asch agreed with Special Term that plaintiffs’ privacy causes of action lacked merit because neither person in the advertisement was capable of being identified. He concurred in the result, however, after finding that plaintiffs possessed a valid claim for unjust enrichment.
The history of New York’s privacy statute has been recited before and need not be repeated here (see Shields v Gross, 58 NY2d 338; Arrington v New York Times Co., 55 NY2d 433, cert den 459 US 1146; Flores v Mosler Safe Co., 7 NY2d 276, 280-281; Prosser and Keeton, Torts [5th ed], ch 20). Although the tort has assumed various forms in other jurisdictions (see Restatement, Torts 2d, § 652A et seq.), in New York privacy claims are founded solely upon sections 50 and 51 of the Civil Rights Law. The statute protects against the appropriation of a plaintiff’s name or likeness for defendants’ benefit. Thus, it creates a cause of action in favor of “[a]ny person whose name, portrait or picture is used within this state for advertising purposes or for the purposes of trade without * * * written consent”. The action may be brought to enjoin the prohibited use and may also seek damages for any injuries sustained including exemplary damages for a knowing violation of the statute. We are concerned in this case with the appropriation of plaintiffs’ likenesses. Defendants claim that there has been no wrong because even if the photograph depicts plaintiffs, they are not identifiable from it.
*384 The statute is designed to protect a person’s identity, not merely a property interest in his or her “name”, “portrait” or “picture”, and thus it implicitly requires that plaintiff be capable of identification from the objectionable material itself (see Allen v Gordon, 86 AD2d 514, 515, affd 56 NY2d 780; Wojtowicz v Delacorte Press, 58 AD2d 45, 48, affd 43 NY2d 858; Loftus v Greenwich Lithographing Co., 192 App Div 251; Ali v Playgirl, Inc., 447 F Supp 723, 726; Negri v Schering Corp., 333 F Supp 101,103; Levey v Warner Bros. Pictures, 57 F Supp 40, 42; see, generally, Prosser and Keeton, Torts [5th ed], pp 849-854). That is not to say that the action may only be maintained when plaintiff’s face is visible in the advertising copy. Presumably, by using the term “portrait” the Legislature intended a representation which includes a facial reproduction, either artistically or by photograph, but if we are to give effect to all parts of the statute, it applies also to the improper use of a “picture” of plaintiff which does not show the face. Manifestly, there can be no appropriation of plaintiff’s identity for commercial purposes if he or she is not recognizable from the picture and a privacy action could not be sustained, for example, because of the nonconsensual use of a photograph of a hand or a foot without identifying features. But assuming that the photograph depicts plaintiff, whether it presents a recognizable likeness is generally a jury question unless plaintiff cannot be identified because of the limited subject matter revealed in the photograph or the quality of the image. Before a jury may be permitted to decide the issue, to survive a motion for summary judgment, plaintiff must satisfy the court that the person in the photograph is capable of being identified from the advertisement alone and that plaintiff has been so identified.
The sufficiency of plaintiff’s evidence for purposes of the motion will necessarily depend upon the court’s determination of the quality and quantity of the identifiable characteristics displayed in the advertisement and this will require an assessment of the clarity of the photograph, the extent to which identifying features are visible, and the distinctiveness of those features. This picture depicts two nude persons, a woman and a child, standing in water a few inches deep. The picture quality is good and there are *385 no obstructions to block the view of the subjects. The woman is carrying a small unidentified object in her left hand and is leading the child with her right hand. Neither person’s face is visible but the backs and right sides of both mother and child are clearly presented and the mother’s ; right breast can be seen. The identifying features of the subjects include their hair, bone structure, body contours and stature and their posture. Considering these factors, we conclude that a jury could find that someone familiar with the persons in the photograph could identify them by looking at the advertisement. Although we do not rely on the fact, it is also reasonable to assume that just as something in the advertising copy may aid recognition (see, e.g., Ali v Playgirl, Inc., 447 F Supp 723, supra [use of phrase “The Greatest” under drawing identified as Muhammad Ali]; Negri v Schering Corp., 333 F Supp 101, supra [use of motion picture actress Pola Negri’s photograph to advertise Polaramine Repetab Tablets]), identifiability may be enhanced also in a photograph depicting two persons because observers may associate the two and thus more easily identify them when they are seen together.
The plaintiffs also submitted evidence that they were identified as the persons in defendants’ advertisement by Ira Cohen’s affidavit in which he stated that while leafing through one of defendants’ magazines he “recognized [his] wife and daughter immediately.”* That was prima facie sufficient (see Richardson, Evidence [10th ed], § 364, subd [a]).
Defendants contend Mr. Cohen’s affidavit is not probative on the issue of identification because he was present when the photograph was taken, as indeed he was. He was not only present, he was incensed by the photographer’s intrusion and chased him away. Essentially, defendants’ contention is that Mr. Cohen’s identification is tainted by this independent knowledge that plaintiffs were photographed by defendant Krieger while bathing. Although *386 Mr. Cohen’s presence when the photograph was taken may have increased his ability to identify his wife and child, the motion court or the jury at trial could conclude that he also recognized them from the photograph and his presence when it was taken, standing alone, does not disqualify him from offering evidence that he did so. The cases cited by defendants on the point are neither controlling nor persuasive. In Branson v Fawcett Pub. (124 F Supp 429) and Brauer v Globe Newspaper Co. (351 Mass 53), the courts found the witnesses in question were incapable of identifying the plaintiffs absent independent knowledge of the photographing because neither photograph contained sufficient identifying characteristics of plaintiffs. In Branson the plaintiff was not visible at all, and in Brauer the photograph depicted only one ear and the partial outline of the back of a boy’s head.
Finally, defendants rely on three cases involving books, plays, and motion pictures in support of their motion for summary judgment. They, too, are readily distinguishable. In both Wojtowicz v Delacorte Press (43 NY2d 858, affg 58 AD2d 45, supra) and Toscani v Hersey (271 App Div 445), defendants had not violated the statute because neither plaintiffs’ names nor their pictures were published. In Allen v Gordon (86 AD2d 514, affd 56 NY2d 780, supra), the only similarities between the plaintiff and the fictional character in the book were that both had the name “Dr. Allen” and both practiced psychiatry in Manhattan. The record demonstrated that these similarities were mere coincidence and that defendant’s fictional portrayal of “Dr. Allen” did not identify plaintiff and thus violate his right of privacy. In this case, the similarity of the details between plaintiffs and the persons appearing in the photograph is complete because concededly plaintiffs were the persons in the picture, not fictional characters. The only question was whether the details were sufficiently identifiable so that plaintiffs could be recognized (cf. People v Scribner’s Sons, 205 Misc 818, 822-823).
Accordingly, the order of the Appellate Division should be affirmed, with costs, and the question certified answered in the affirmative.
*387 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer and Kaye concur.
Order affirmed, etc.

 While it might be sufficient for plaintiffs to identify themselves since the interest protected by sections 50 and 51 of the Civil Rights Law is their own “sentiments, thoughts and feelings” (Flores v Mosler Safe Co., 7 NY2d 276, 280) rather than their reputations in the eyes of others, as in defamation, we do not reach the issue because plaintiffs presented no evidence by Susan or Samantha Cohen that they recognized themselves.