■ MARY J. TIFFT et al., Appellants, v FRANK E. BENSON et al., Respondents. — Mikoll, J. Appeal from an order of the Supreme Court at Special Term (Kahn, J.), entered February 3, 1984 in Rensselaer County, which denied plaintiffs' motion for partial summary judgment dismissing an affirmative defense in each defendant's answer.

Plaintiff Mary Jane Tifft (hereinafter plaintiff) was injured in an accident on State Route 66 in Rensselaer County. She was proceeding eastward on Route 66 behind the vehicle owned by Robert Ormond and driven by Frank Benson. Benson attempted a left turn onto County Route 45 and collided with John Bubie's car as it was proceeding westward on Route 66. The Bubie vehicle then entered the eastbound lane of Route 66 and struck plaintiff's vehicle head-on.

In addition to bringing this action against Benson, Ormond and Bubie, plaintiff and her husband also named the County of Rensselaer as a defendant, alleging that the county was negligent in failing to provide adequate traffic signs, markings and controls, or a left-turn lane. Each defendant interposed an affirmative defense based on plaintiff's failure to wear the seat belt in her car. Plaintiffs sought partial summary judgment dismissing the affirmative defenses, asserting that defendants could not, as a matter of law, meet their burden of proof upon said affirmative defense. Special Term denied the motion, finding that triable issues of fact exist as to the seat belt defense.

There must be an affirmance. Plaintiffs urge that defendants will be unable to lay a proper foundation to introduce crash scene photographs upon which their seat belt expert's opinion is

based and, without their expert's opinion, their defense must be dismissed. It would be premature at this point to so conclude. This is essentially a factual question and its resolution is properly left to the trial of the matter (*see, Cohen v Herbal Concepts,* 100 AD2d 175, 177, *affd* 63 NY2d 379).

Order affirmed, with costs to the County of Rensselaer. Kane, J. P., Weiss, Mikoll and Yesawich, Jr., JJ., concur.