**Barbara HORGAN, as Executrix of the Estate of George Balanchine, Plaintiff,**

v.

**MacMILLAN, INC., et al., Defendants.**

**No. 85 Civ. 8028(RO).**

United States District Court, S.D. New York.

Nov. 19, 1985.

Proskauer, Rose, Goetz & Mendelsohn, New York City (Lois D. Thompson, of counsel), for plaintiff.

Cowan, Liebowitz & Latman, P.C., New York City (Robert J. Bernstein, Roger L. Zissu, Elliot Schachner, of counsel), Jan F. Constantine, Associate Gen. Counsel, MacMillan, Inc., New York City, for defendants.

## OPINION AND ORDER

OWEN, District Judge.

Each Christmas, the New York City Ballet features the ballet *The Nutcracker,* with music by Tschaikovsky, choreography by George Balanchine, the recently deceased world-renowned choreographer, scenery and lighting by Rouben Ter-Arutunian, and costumes by Karinska. The choreography is copyrighted with the rights held by Balanchine's estate. The estate now contends that certain photographs of the production of the *The Nutcracker* in a new book, *The Nutcracker: A Story & A Ballet,* written by Ellen Switzer and published by MacMillan, Inc., infringe upon Mr. Balanchine's copyright of *his* Nutcracker ballet choreography.

■ As I see it, choreography has to do with the flow of the steps in a ballet. The still photographs in the Nutcracker book, numerous though they are, catch dancers in various attitudes at specific instants of time; they do not, nor do they intend to, take or use the underlying choreography. The staged performance could not be recreated from them.[1] Thus, I find that the photographs in the book are not an infringement of Mr. Balanchine's choreography.[2]

■ Moreover, *The Nutcracker* does not violate the Balanchine name's right to be free of publicity. While the book extensively mentions and pictures Mr. Balanchine—concededly, I am sure, a public figure—by doing so it basically conveys interesting information concerning life around us. I get no sense that it is being published for trade or advertising purposes.[3] *See, e.g., Stephano v. News Group ·Publications, Inc.*, 64 N.Y.2d 174, 485 N.Y.S.2d 220, 474 N.E.2d 580 (1984), and *Ann-Margret v. High Society Magazine, Inc.*, 498 F.Supp. 401 (S.D.N.Y.1980). Any other view of this situation would make the writing of an unauthorized biography actionable. *See Frosch v. Grosset & Dunlap, Inc.*, 75 A.D.2d 768, 427 N.Y.S.2d 828 (1980).

■ Finally, plaintiff has unduly delayed in seeking the claimed relief. Letters from the Balanchine estate as early as April 3 of this year indicate that the estate was aware of MacMillan's general intentions. Further, on May 10, 1985, MacMillan unequivocally notified plaintiff that despite plaintiff's objections, MacMillan was going ahead with publication of *The Nutcracker*. While the estate objected to MacMillan's decision in a letter of May 31, it took no further action until filing this suit; no adequate explanation has been offered. Given the change of position by the publisher since that date, and the fact that such a delay tips the scales against a party seeking injunctive relief, *Mego Corp. v. Mattel, Inc.*, 203 U.S.P.Q. 377 (S.D.N.Y.1978), a preliminary injunction is denied.

So ordered.

---

1. Just as a Beethoven symphony could not be recreated from a document containing only every twenty-fifth chord of the symphony.

2. Parenthetically, I note that the photographs were taken by certain of the Company's "official" photographers, who also participated in the book, and that the photographs were used with the permission of the New York City Ballet and the Company's unions and individual dancers.

3. Notwithstanding the Horgan deposition, a comparison of the defendants' book with others in the field leaves no question as to its fine quality.