(October 27, 1988)

■ In the Matter of ROBERT E. RAMBUSCH, Appellant. RAM-BUSCH DECORATING COMPANY, Respondent.—Order and judgment (one paper) of the Supreme Court, New York County (Amos E. Bowman, J.), entered September 14, 1987, which dismissed the petition for judicial dissolution of respondent Rambusch Decorating Company, is unanimously reversed, on the law, and the petition reinstated, with costs and disbursements payable to petitioner.

Petitioner Robert E. Rambusch was the owner of 31.4% of the outstanding voting shares of the respondent Rambusch Decorating Company at the time this proceeding was brought. Another branch of the family, headed by the current chairman of the board and president, Viggo Rambusch, owned a majority of the outstanding voting shares. Petitioner alleges that Viggo engaged in a pattern of oppressive conduct toward him necessitating the dissolution of the corporation pursuant to Business Corporation Law § 1104-a.

Thus, petitioner asserted, *inter alia,* that before the annual meeting in 1984, Viggo Rambusch advised petitioner, who was then chairman of the board, that he would no longer be an officer or director of the corporation. Subsequently, petitioner was terminated from his employment which had lasted over 36 years. He alleged that a demand was made to him to accept 1 of 2 proposals with respect to compensation, stock ownership, etc., which would require him to serve the corporation at a substantially reduced compensation or sever all relations with it. Finally, petitioner asserted that the corporation offered unissued shares of its stock, in September 1986, as part of a scheme to dilute his holdings and increase the equity of Viggo and his family, since petitioner had no incentive to invest further funds without any return on the investment.

The respondent corporation moved to dismiss the petition, pursuant to CPLR 404 and 3211 (a) (7), for failure to state a cause of action. The court advised the parties that it was converting the motion to one for summary judgment pursuant to CPLR 3212 and allowed them to submit additional papers. The court at nisi prius nevertheless concluded that "the petition fails to state a cause of action", finding that petitioner was passive in spite of much earlier alleged oppressive con-

duct by respondents, choosing to resign and start a competing firm "in violation of his agreement not to do so". Further, the court found that the respondent has an "unrestricted right to issue unissued shares to raise additional capital for the corporate needs" and that "[t]he evidence does not persuade the court that a pattern of oppressive conduct was carried out by the respondents against the petitioner."

Whether the dismissal by the IAS court be deemed one as dismissal pursuant to CPLR 404 or as summary judgment pursuant to CPLR 3212, the court erred in making factual determinations where triable issues of fact were raised by the conflicting affidavits (see, Guggenheimer v Ginzburg, 43 NY2d 268, 275 [with regard to motion to dismiss]; Cohen v Herbal Concepts, 100 AD2d 175, 177, affd 63 NY2d 379 [on motion for summary judgment]). Faced with an analogous situation, the Second Department has stated: "Under these circumstances, a determination of whether petitioner has been the victim of oppressive conduct can only be made upon a full development of the facts after an opportunity for discovery * * *. Only upon such a record, and not upon acrimonious affidavits, can it be determined whether the corporation has been engaged in oppressive conduct to freeze out petitioner" (Matter of Mintz [Astoria Holding Corp.], 113 AD2d 803, 809).

In finding that "[t]he evidence [did] not persuade the court that a pattern of oppressive conduct was carried out by the respondents against petitioner", the court improperly resolved the disputed issues of material fact in the respondent's favor despite the conflicting evidence in petitioner's submissions.

Section 1104-a of the Business Corporation Law was enacted by the Legislature to provide protection to minority shareholders of closely held corporations who are subject, inter alia, to "oppressive" conduct by the majority. While such "oppressive" conduct is not defined in the statute, the Court of Appeals has noted it is distinct from illegality and refers to conduct that substantially defeats the " 'reasonable expectations' " held by minority shareholders in committing their capital to the closed corporation (Matter of Kemp & Beatley [Gardstein], 64 NY2d 63, 72).

Here, petitioner alleged and supported such allegations by affidavit showing sufficient facts to raise, at the least, an arguable case of "oppressive" conduct by respondent in freezing out petitioner from this closely held corporation started by his grandfather, where he was employed for 36 years, and in which he served in executive positions and owned over 30% of the stock.

Accordingly, we reverse and remand for a hearing on the disputed issues pursuant to Business Corporation Law § 1109. Concur—Murphy, P. J., Kupferman, Carro, Asch and Smith, JJ.