■ GLORIA LEZZIERI, Respondent, v GOOD DAY APARTMENTS, INC., Appellant.—

Supreme Court properly denied defendant-appellant's motion for summary judgment. The facts alleged in plaintiff-respondent's affidavit which, for the purposes of this motion, must be deemed true, present a triable issue as to whether appellant may be charged with constructive notice of the conditions which caused respondent's fall in the public lobby of the apartment building owned by appellant. Respondent, a nurse's aide, went to 2201 Haviland Avenue in The Bronx to attend to one of her patients at 7:55 A.M. on January 28, 1985. According to respondent it was snowing that morning and had been snowing throughout the week. When she entered the lobby, she found it strewn with garbage, newspapers and debris, in addition to melting puddles of snow. The stairs and landings up to the third floor where respondent's patient lived were similarly littered with trash. Once inside the apartment, respondent found that her patient had defecated on herself. After cleaning the patient, respondent put the soiled items in a trash bag and walked back downstairs to dispose of them. The building has no elevator. A group of children in the lobby showed her where the garbage cans were located outside the building.

Respondent, who was wearing nurses' shoes with rubber soles, walked out to the garbage cans and back again. The lobby was in the same condition it had been in when respondent first arrived at the building. As she walked toward the stairway, she slipped and fell, injuring her left knee. She found a portion of a discolored banana peel near her right foot and skid marks on the floor. She was treated at Pelham Bay Hospital but is now disabled.

These allegations are sufficient to raise a triable question as to whether or not appellant knew or should have known of the littered and dangerous condition of the lobby. Appellant's managing agent stated in his examination before trial that the building had two superintendents whose regular hours were from 9:00 to 5:00 but that "in case of emergencies, you know, when there is snow" they work "regardless of the hours that they normally have." Both superintendents lived in basement apartments one level below the lobby.

Unlike the plaintiff in *Gordon v American Museum of Natural History* (67 NY2d 836 [1986]), who alleged that a sheet of waxy paper was the dangerous condition which caused his fall on the museum's steps, respondent herein alleges that the hall and stairway in this walkup apartment building were strewn with debris. The danger of such a condition is plain. The only question is whether it had existed

for a sufficient length of time prior to the accident for appellant's employees to discover and remedy it. This is a question of fact properly left for determination at trial *(Cohen v Herbal Concepts,* 100 AD2d 175, 177 [1st Dept 1984], *affd* 63 NY2d 379 [factual determination "cannot be made upon motion for summary judgment, where the judicial function is limited to issue finding, not issue determination"]). Concur—Sullivan, J. P., Ross, Carro, Milonas and Rosenberger, JJ.