■ MOORTHY S. RAM, Appellant, v NEIL J. MORITT et al., Respondents. [612 NYS2d 671] —In an action, *inter alia,* to recover damages for defamation and the invasion of privacy, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Kutner, J.), dated October 2, 1992, as granted those branches of the defendants' motion pursuant to CPLR 3211 (a) (7) which were to dismiss his defamation and

invasion of privacy causes of action for failure to state a cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Moorthy S. Ram commenced this action, *inter alia,* to recover damages for defamation and the invasion of privacy arising out of allegedly defamatory statements made by an associate attorney employed by the defendant law firm Moritt, Hock & Hamroff, in the course of levying on a judgment to repossess medical equipment from the plaintiff. The plaintiff charges that the associate called the plaintiff a "liar", a "cheat", and a "debtor" in the presence of patients in the doctor's waiting room.

Our review of the statements convinces us that they were not reasonably susceptible of a defamatory meaning, but rather constituted personal opinion and rhetorical hyperbole rather than objective fact, and thus were constitutionally protected *(see generally, Immuno AG. v Moor-Jankowski,* 77 NY2d 235, 243, *cert denied* 500 US 954).

We further note that, although words which affect a person in his or her profession by imputing to him or her any kind of fraud, dishonesty, misconduct, incapacity, unfitness, or want of any necessary qualification in the exercise of one's profession *(see, Four Star Stage Light. v Merrick,* 56 AD2d 767, 768) may be actionable, we agree with the Supreme Court that the alleged statements did not address the plaintiff's professional status as a doctor and were thus not slanderous per se. Thus, in the absence of a sufficient allegation of special damages, the alleged statements were not actionable *(see, Aronson v Wiersma,* 65 NY2d 592). In the instant case, the plaintiff did not plead special damages with sufficient particularity *(see, L.N.Y. Agency v St. Paul Fire & Mar. Ins. Co.,* 125 AD2d 371, 373).

In addition, the Supreme Court properly dismissed the invasion of privacy cause of action, since New York State does not recognize the common-law tort based upon invasion of privacy except to the extent it comes within Civil Rights Law §§ 50 and 51, which protects against the appropriation of a plaintiff's name or likeness for the defendants' benefit for advertising or trade purposes *(see, Cohen v Herbal Concepts,* 63 NY2d 379). O'Brien, J. P., Santucci, Altman and Krausman, JJ., concur.