■ CATHLEEN FARROW, Appellant, v ALLSTATE INSURANCE COMPANY et al., Respondents. [862 NYS2d 92]—

In an action to recover damages for an alleged invasion of privacy, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Kerins, J.), dated July 10, 2007, which granted the defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint.

Ordered that the order is affirmed, with costs.

New York State does not recognize the common-law tort of invasion of privacy except to the extent it comes within Civil

Rights Law §§ 50 and 51 (*see Ram v Moritt*, 205 AD2d 516, 517 [1994]; *see also Cohen v Herbal Concepts*, 63 NY2d 379 [1984]). Although the tort has assumed various forms in other jurisdictions (*see* Restatement [Second] of Torts § 652A), in New York privacy claims are founded solely upon Civil Rights Law §§ 50 and 51. These statutes protect against the appropriation of a plaintiff's name or likeness for a defendant's benefit and create a cause of action in favor of any person whose name, portrait, or picture is used for advertising purposes or for trade without the plaintiff's consent (*see Cohen v Herbal Concepts*, 63 NY2d at 383).

Here, the factual allegations in the complaint are not embraced by Civil Rights Law §§ 50 and 51. Thus, the complaint does not state a cognizable cause of action to recover damages for invasion of privacy. Accordingly, the Supreme Court properly granted the defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint.

The plaintiff's remaining contentions are without merit. Skelos, J.P., Miller, Carni and Chambers, JJ., concur.