Fernandez v Fernandez (2023 NY Slip Op 02498)

Fernandez v Fernandez

2023 NY Slip Op 02498

Decided on May 10, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2021-04413
 (Index No. 4351/20)

[*1]Hector Fernandez, respondent-appellant,
v
Yesenia Fernandez, appellant-respondent, Orange Regional Medical Center, respondent.

Sholes & Miller, PLLC, Fishkill, NY (Leilani Rodriguez and Ellen Fischer of counsel), for appellant-respondent.
Linden Law Group, P.C., New York, NY (Jeffrey Benjamin of counsel), for respondent-appellant.
Catania, Mahon & Rider, PLLC, Newburgh, NY (Jeffrey S. Sculley of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for negligence, the defendant Yesenia Fernandez appeals, and the plaintiff cross-appeals, from an order of the Supreme Court, Orange County (Maria Vazquez-Doles, J.), dated May 12, 2021. The order, insofar as appealed from, denied that branch of the motion of the defendant Yesenia Fernandez which was pursuant to CPLR 3211(a) to dismiss the second cause of action insofar as asserted against her. The order, insofar as cross-appealed from, granted those branches of the motion of the defendant Orange Regional Medical Center which were pursuant to CPLR 3211(a) to dismiss the first, second, fourth, and seventh causes of action insofar as asserted against it, granted those branches of the motion of the defendant Yesenia Fernandez which were pursuant to CPLR 3211(a) to dismiss the third and sixth causes of action, and the first, fourth, and seventh causes of actions insofar as asserted against her, and, in effect, denied the plaintiff's application for leave to file an amended complaint.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, in effect, denied the plaintiff's application for leave to file an amended complaint is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is reversed insofar as appealed from, on the law, and that branch of the motion of the defendant Yesenia Fernandez which was pursuant to CPLR 3211(a) to dismiss the second cause of action insofar as asserted against her is granted; and it is further,
ORDERED that the order is affirmed insofar as cross-appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The plaintiff alleges that while he was hospitalized for a serious illness at the defendant Orange Regional Medical Center (hereinafter the hospital), the defendant Yesenia [*2]Fernandez (hereinafter Fernandez), his former spouse, designated herself as his agent under a health care proxy, and acted accordingly, without his consent. Although the plaintiff alleges that his sister and his attorney represented to individuals at the hospital that the health care proxy was not valid, the hospital did not pursue any legal remedies relating to the allegedly invalid health care proxy during the plaintiff's hospitalization (see e.g. Public Health Law § 2992; Mental Hygiene Law art 81). After the plaintiff recovered, he commenced this action against the hospital and Fernandez to recover damages under several legal theories, including invasion of privacy and negligence as against both defendants, and prima facie tort as against Fernandez. The defendants separately moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them. The plaintiff opposed the motions, and requested leave to file an amended complaint. In an order dated May 12, 2021, the Supreme Court granted the hospital's motion, granted Fernandez's motion except with respect to the cause of action alleging negligence insofar as asserted against her, and, in effect, denied the plaintiff's application for leave to file an amended complaint. Fernandez appeals and the plaintiff cross-appeals.
The Supreme Court erred in denying that branch of Fernandez's motion which was pursuant to CPLR 3211(a) to dismiss the cause of action alleging negligence insofar as asserted against her. Although denominated as a cause of action to recover damages for negligence, the cause of action as pleaded and supplemented by the plaintiff's affidavit submitted in opposition to Fernandez's motion, was premised only on allegations of intentional conduct, which cannot form the basis of a negligence claim (see Gruber v Donaldsons, Inc., 201 AD3d 887, 889; Trayvilla v Japan Airlines, 178 AD3d 746, 747).
As to the cause of action alleging negligence insofar as asserted against the hospital, a health care provider is entitled to immunity from civil liability "for honoring in good faith a health care decision by an agent, or for other actions taken in good faith pursuant to" Public Health Law article 29-C, pertaining to health care agents and proxies (id. § 2986). Here, the complaint did not contain any allegations that could potentially defeat the hospital's immunity under this statute.
The plaintiff additionally alleged that the hospital was vicariously liable for the conduct of Fernandez, who was employed by the hospital as a lab technician. "The doctrine of respondeat superior renders an employer vicariously liable for torts committed by an employee acting within the scope of the employment" (Judith M. v Sisters of Charity Hosp., 93 NY2d 932, 933). "An act is considered to be within the scope of employment if it is performed while the employee is engaged generally in the business of the employer, or if the act may be reasonably said to be necessary or incidental to such employment" (Pinto v Tenenbaum, 105 AD3d 930, 931; see Montalvo v Episcopal Health Servs., Inc., 172 AD3d 1357, 1359-1360). Here, none of Fernandez's actions pertaining to the plaintiff, as alleged, were taken in the scope of her employment as a lab technician (see Pinto v Tenenbaum, 105 AD3d at 931).
The Supreme Court properly granted those branches of the defendants' motions which were to dismiss the cause of action alleging invasion of privacy insofar as asserted against each of them. "New York State does not recognize the common-law tort of invasion of privacy except to the extent it comes within Civil Rights Law §§ 50 and 51" (Farrow v Allstate Ins. Co., 53 AD3d 563, 563-564; see Freihofer v Hearst Corp., 65 NY2d 135, 140). Together, those "statutes protect against the appropriation of a plaintiff's name or likeness for a defendant's benefit and create a cause of action in favor of any person whose name, portrait, or picture is used for advertising purposes or for trade without the plaintiff's consent" (Farrow v Allstate Ins. Co., 53 AD3d at 564; see Freihofer v Hearst Corp., 65 NY2d at 140). Here, the plaintiff's complaint, even as supplemented by his affidavits submitted in opposition to the defendants' motions, failed to sufficiently allege that the defendants used his likeness for advertising or trade purposes (see Trec v Cazares, 185 AD3d 866, 868; Farrow v Allstate Ins. Co., 53 AD3d at 564).
The Supreme Court properly granted that branch of Fernandez's motion which was to dismiss the cause of action alleging prima facie tort. Contrary to the plaintiff's suggestion, prima facie tort is not a "catch-all alternative for every cause of action which cannot stand on its own legs" (Freihofer v Hearst Corp., 65 NY2d at 143 [internal quotation marks omitted]). "Prima facie tort affords a remedy for the infliction of intentional harm, resulting in damage, without excuse or [*3]justification, by an act or a series of acts which would otherwise be lawful" (id. at 142; see DeMartino v Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP, 189 AD3d 774, 776). "A critical element of the cause of action is that plaintiff suffered specific and measurable loss, which requires an allegation of special damages" (Freihofer v Hearst Corp., 65 NY2d at 143). Here, the plaintiff, at best, has alleged "merely general damages for noneconomic loss," and thus, has "failed to plead special damages with the required specificity" (Epifani v Johnson, 65 AD3d 224, 233).
Contrary to the plaintiff's contention, his application for leave to file an amended complaint was properly denied since he failed to submit a proposed amended complaint as required by CPLR 3025(b) (see G4 Noteholder, LLC v LDC Props., LLC, 153 AD3d 1326, 1327; Barone v Concert Serv. Specialists, Inc., 127 AD3d 1119, 1120).
The plaintiff's remaining contentions are without merit.
BARROS, J.P., IANNACCI, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court