Ogundiran v Spira (2024 NY Slip Op 51254(U))

[*1]

Ogundiran v Spira

2024 NY Slip Op 51254(U)

Decided on September 11, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 11, 2024
Supreme Court, Kings County

Aderibigbe Ogundiran, Plaintiff,

against
Moeshe Spira, 321 ALBANY, L.L.C., and MTGLQ INVESTORS, L.P., Defendant(s).

Index No. 214/2024

Aderibigbe Ogundiran, plaintiff pro se.
Knuckles & Manfro LLP, Tarrytown (Mark Fenelon of counsel), for defendants.

Aaron D. Maslow, J.

The following papers were used on this motion:
MTGLQ Investors, L.P.'s notice of motion, affirmation of John E. Brigandi, memorandum of law, Exhibit A, proof of service; Plaintiff's response in opposition; MTGLQ Investors, L.P.'s reply affirmation of John E. Brigandi.
Upon the foregoing papers, having heard oral argument, and due deliberation having been had,[FN1]
the within motion of Defendant MTGLQ to dismiss Plaintiff's complaint with prejudice pursuant to CPLR 3211 is determined as follows.
Background
This is an action commenced on March 1, 2024 by Plaintiff, alleging five causes of action against three Defendants in his complaint. Plaintiff alleged that he is a tenant in apartment 1 at 123 Albany Avenue, Brooklyn, New York. From the various papers, it appears [*2]that the subject property was sold at foreclosure to Defendant MTGLQ Investors, L.P. (MTGLQ) on or about March 7, 2019 (from what Plaintiff describes as a family trust). Thereafter, on or about December 18, 2020, the subject property was then sold to Defendant 321 Albany, L.L.C. (321 Albany), of which Moeshe Spira (Spira) is a member.
On August 16, 2019, MTQLG members James Macchio and Miles Mitchell allegedly broke into Plaintiff's apartment without court authorization, illegally photographed the apartment, and listed the property on Zillow. Personal items went missing and Plaintiff's privacy was abridged.
Further, according to Plaintiff's complaint, starting from December 16, 2020, Defendants 321 Albany and Spira have engaged in continuous harassment, nuisance, invasion of privacy, and intentional infliction of emotional distress, which included (a) five men taking possession of Plaintiff's basement apartment work space on February 12, 2024, which was accompanied by calling Plaintiff various epithets and slurs; (b) taking over apartments 2 and 3 in the building, where Plaintiff had appliances which were thrown away; (c) destroying doors and thrashing Plaintiff's possessions; (d) performing renovations which destroyed the ceiling in Plaintiff's apartment 1; (e) impeding Plaintiff's access to electrical breakers, the boiler, and the hot water tanks in the basement; (f) preventing Plaintiff from sleeping; and (g) installing a camera to monitor Plaintiff's movements in the building. All of the foregoing constituted tenant harassment, according to Plaintiff. As a result, he was suing for $5,000,000. Further allegations by Plaintiff are discussed below in terms of the five causes of action which were pled and Defendant MTGLQ's arguments in support of dismissal.

Causes of Action Alleged and Defendant MTQLG's Motion to Dismiss
Defendant MTQLG moved pursuant to CPLR 3211 (a) (1), (5), and (7) to dismiss Plaintiff's complaint.[FN2]

Plaintiff's first cause of action alleged a violation of Real Property Law § 223-b's prohibition against a landlord's retaliation against a tenant. It was alleged that Defendants intentionally acted to infringe upon Plaintiff's tenant rights.
Defendant MTGLQ argued that the only actions Plaintiff complained about related to the entry into his apartment in 2019. However, in order to asset a claim under Real Property Law § 223-b, a landlord must have served a notice to quit or filed an eviction proceeding in retaliation to a good faith complaint concerning a violation of a health or safety law or an attempt to enforce lease terms, including the warranty of habitability. As Plaintiff does not contend that Defendant MTGLQ retaliated against him — he contends that Defendant MTGLQ entered his apartment — there is a failure to state a cause of action.
Plaintiff's second cause of action alleged invasion of privacy based on unlawful camera [*3]surveillance, Plaintiff citing to Penal Law § 250.45.
Defendant MTGLQ contended that there is no common law tort of invasion of privacy except to the extent it is recognized in Civil Rights Law §§ 50 and 51, which protect against the appropriation of someone's name or likeness for commercial use. Thus, against there is a failure to state a cause of action.
Plaintiff's third cause of action alleged property damage. Plaintiff cited the elements of negligence and referenced his property having been disposed of and destroyed.
Defendant MTGLQ's CPLR 3211 motion argued that the third cause of action was time-barred pursuant to CPLR 214 (4) (property damage) and (5) (personal injury), which subdivisions prescribe a three-year statute of limitations. The events complained of occurred in 2019, but the action was commenced in 2024.
Plaintiff's fourth cause of action alleged nuisance which interfered with his quiet use and enjoyment of his residence.
Again, Defendant MTGLQ's CPLR 3211 motion argued this cause of action was time-barred pursuant to CPLR 214 (4) (property damage) and (5) (personal injury), which subdivisions prescribe a three-year statute of limitations. The events complained of occurred in 2019, but the action was commenced in 2024.
Finally, Plaintiff's fifth cause of action alleged intentional infliction of emotional distress based on calling him racial and other epithets during a six-hour period, resulting in his inability to sleep or rest.
With respect to the fifth cause of action, Defendant MTGLQ argued that the one-year statute of limitations prescribed in CPLR 215 applies.

Plaintiff's Opposition
With respect to the first cause of action alleging retaliation versus a tenant, Plaintiff urged the Court to consider "the broader context of the Plaintiff's allegations and the legal principles governing these claims" (plaintiff opposition ¶ 28). Plaintiff argued that the essence of his claim was that Defendant MTGLQ entered his apartment without authorization.
As for the invasion of privacy cause of action (second), Plaintiff argued that his "allegations go beyond mere invasion of privacy; they encompass unauthorized entry into the Plaintiff's home and the subsequent photographing of the premises, which constitutes a violation of the Plaintiff's privacy rights regardless of the specific legal label attached to the claim" (id. ¶ 30).
In response to Defendant MTGLQ's statute of limitations arguments, Plaintiff conceded, "It is imperative to recognize that the Plaintiff's allegations against MTGLQ stem from a discrete incident on August 16, 2019, where MTGLQ's employees purportedly entered the Plaintiff's premises without authorization" (id. ¶ 3). Plaintiff added, however, that his claim against MTGLQ "encompasses not only the unauthorized entry into his apartment on August 16, 2019, but also the profound and irreparable loss resulting from that intrusion," when "his deceased father's ashes, which were kept in the apartment, went missing. This loss represents the Plaintiff's greatest and most irreplaceable harm" (id.). There was "a pattern of harassment and mistreatment by MTGLQ's employees that persisted over time" (id. ¶ 23).
Plaintiff added that New York has a "continuing violation doctrine . . . for claims [*4]involving a series of related wrongful acts or a continuing course of conduct" (id. ¶ 24). He also maintained that there was a "discovery rule, which tolls the statute of limitations until the Plaintiff knew or reasonably should have known of the facts giving rise to the claims" (id. ¶ 25). As he wrote, "The Plaintiff's understanding of the harm caused by MTGLQ's conduct may have evolved over time, delaying the commencement of the limitations period" (id.).
Plaintiff also mentioned that tolling provisions for minority and incapacitation extend the limitations period (id. ¶ 26).
Particularly emphasized by Plaintiff was the loss of his father's ashes, which held "immense sentimental value and cannot be recreated or replaced. The emotional and psychological impact of losing such a deeply significant and irreplaceable item cannot be overstated. The Defendant's actions have inflicted a profound emotional wound on the Plaintiff, exacerbating the distress and anxiety caused by the unauthorized entry itself." (Id. ¶ 32.)

Discussion
A. First and Second Causes of Action
Real Property Law § 223-b proscribes certain landlord conduct undertaken in retaliation for a tenant's exercising his right to complain about conditions, securing his rights under a lease, a warranty of habitability, or the law, or participating in a tenants' organization. None of these predicates for application of this statute apply. Plaintiff did not plead that he was retaliated against for engaging in these tenant actions.[FN3]
Therefore, Plaintiff lacks a (first) cause of action under Real Property Law § 223-b.
With respect to the alleged invasion of privacy (second) cause of action, it has been held:
New York State does not recognize the common-law tort of invasion of privacy except to the extent it comes within Civil Rights Law §§ 50 and 51 (see Ram v Moritt, 205 AD2d 516, 517 [1994]; see also Cohen v Herbal Concepts, 63 NY2d 379 [1984]). Although the tort has assumed various forms in other jurisdictions (see Restatement [Second] of Torts § 652A), in New York privacy claims are founded solely upon Civil Rights Law §§ 50 and 51. These statutes protect against the appropriation of a plaintiff's name or likeness for a defendant's benefit and create a cause of action in favor of any person whose name, portrait, or picture is used for advertising purposes or for trade without the plaintiff's consent (see Cohen v Herbal Concepts, 63 NY2d at 383). (Farrow v Allstate Ins. Co., 53 AD3d 563, 563-564 [2d Dept 2008].)
Camera surveillance and the taking of photographs of a premises do not fall within the ambit of invasion of privacy as a matter of law. Directly on point is the decision in Novel v Beacon Operating Corp. (86 AD2d 602, 602 [2d Dept 1982]), quoted completely as follows:
Appeal by the plaintiff from a judgment of the Supreme Court, New York County [*5](Williams, J.), entered March 11, 1981, which is in favor of the defendant upon the trial court's dismissal of the complaint at the close of the plaintiff's case, at a nonjury trial. (The appeal was transferred to this court by order of the Appellate Division, First Department, dated Oct. 6, 1981.)
Judgment affirmed, without costs or disbursements.
Plaintiff seeks to recover damages from her landlord on the basis that the latter's unauthorized entry into her apartment and taking of pictures therein constituted an invasion of privacy. In New York, recovery for violation of one's right to privacy is provided for in the Civil Rights Law. No common-law right to privacy exists. (See Cohen v Hallmark Cards, 45 NY2d 493, 497, n 2; Wojtowicz v Delacorte Press, 43 NY2d 858.) "[The] right protected [under the statute] is the right to be protected against commercial exploitation of one's personality without his written consent" (Hill v Hayes, 18 AD2d 485, 488). As no evidence of any "commercial exploitation" was adduced at trial, no cause of action has been stated.
Likewise, no cause of action for invasion of privacy exists when a landlord installs a camera surveillance system (see Frederick v University Towers Assoc., 2002 NY Slip Op 50501[U] [Sup Ct, Kings County 2002]). While Plaintiff cited Penal Law § 250.45 in his complaint, a claim of violating that statute based on a landlord engaging in camera surveillance was rejected in Otero v Houston St. Owners Corp. (37 Misc 3d 1212[A], 2012 NY Slip Op 52015[U] [Sup Ct, NY County 2012]). Even the photographing of neighbors using a high powered camera lens to peer into someone's apartment has been held not to constitute a cause of action for invasion of privacy (see Foster v Swenson, 128 AD3d 150 [1st Dept 2015]).
Therefore, Plaintiff failed to state a cause of action for invasion of privacy.

 B. Second, Third, and Fourth Causes of Action
This Court agrees with the position advanced by Defendant MTGLQ concerning the statute of limitations defenses it has interposed. CPLR 214 (4) provides for a three-year statute of limitations for actions to recover damages for injury to property. CPLR 214 (5) provides for a three-year statute of limitations for an action to recover damages for personal injury. There are exceptions contained in CPLR 214-b (personal injury caused by contact with or exposure to phenoxy herbicides while serving in the armed forces), 214-c (injury to property or personal injury caused by the latent effects of exposure to a substance caused by absorption, contact, ingestion, inhalation, implantation, or injection), 214-i (personal injury caused by exposure to toxic burn pits while serving in the armed forces), and 215 (8) (criminal action was commenced against defendant for act complained of in civil action), but none would apply to Plaintiff's situation. These exceptions take into account that one may not discover personal injuries within the standard statute of limitations. Likewise there are provisions concerning discovery of injuries resulting from medical malpractice in CPLR 214-a and, again, they would not apply.
There is a one-year limitation period for an action alleging intentional infliction of emotional distress (see Yong Wen Mo v Gee Ming Chan, 17 AD3d 356 [2d Dept 2005], citing CPLR 215 [3]; Gallagher v Directors Guild of Am., 144 AD2d 261 [2d Dept 1988], citing CPLR 215 [3]). It is notable that in Gallagher, the court explained that the harm caused by an intentional tort is generally apparent immediately (see 144 AD2d at 263), which negates [*6]Plaintiff's contention concerning the "discovery rule" (discussed supra at 3).
Plaintiff himself alleged that the unauthorized entry into his apartment on August 16, 2019 was a "discrete incident." That would be inconsistent with an ongoing circumstance. Any continuing violation doctrine applicable in New York law does not apply to the acts complained of: Defendant MTGLQ's personnel allegedly breaking into Plaintiff's apartment without court authorization, illegally photographing the apartment, listing the property on Zillow, and stealing his father's ashes. The harm allegedly sustained by Plaintiff can be "exclusively traced to the day when the original objectionable act was committed" (Capruso v Village of Kings Point, 23 NY3d 631, 639 [2014]). That day is August 16, 2019. "Contrary to plaintiff's assertion, the continuing violation doctrine does not operate to toll either of the foregoing limitations periods. As prior decisions of this Court make clear, the doctrine may only be predicated on continuing unlawful acts and not on the continuing effects of earlier unlawful conduct" (Thomas v City of Oneonta, 90 AD3d 1135, 1136 [3d Dept 2011] [internal quotation marks omitted]; see Affordable Hous. Assoc., Inc. v Town of Brookhaven, 150 AD3d 800 [2d Dept 2017]). 
The Court also rejects Plaintiff's invocation of the "discovery rule." The CPLR provides specifically for instances where a statute of limitations accounts for the time it takes for discovery of an injury (discussed above), but they are inapplicable to Plaintiff.
While Plaintiff mentioned tolling for infancy and incapacitation, nowhere does he allege that he is an infant or incapacitated and, therefore, there is no applicable toll for either of these conditions.
The Court notes that a 228-day toll (March 20, 2020-November 3, 2020) due to gubernatorial executive orders in 2020 during the early stage of the Covid-19 pandemic would apply whenever any of the 228 days fell within a statute of limitations (see Fuhrmann v Town of Riverhead, — AD3d —, 2024 NY Slip Op 04248 [2d Dept 2024]). August 16, 2019 being the accrual date of Plaintiff's causes of action, the three-year statute of limitations expired on April 3, 2023 (April 1, 2023 was a Saturday), taking into account the 228-day toll in 2020. A one-year statute of limitations expired on January 12, 2021 (149 days tolled in 2020).
Since this action was commenced on March 1, 2024, the action was untimely insofar as are concerned the third and fourth causes of action, which were subject to the statute of limitations expiring on April 3, 2023. The action also was untimely insofar as the fifth cause of action is concerned, as the applicable statute of limitations expired on January 12, 2021.
While the Court sympathizes with Plaintiff over the irreplaceable loss of his father's ashes and the concomitant emotional distress which resulted, "a court is bound to apply the law as written by the legislature" (People v Vercelletto, 135 Misc 2d 40 [County Ct, Ulster County 1987]). A court should not "make determinations that are quite clearly policy based and not tied specifically to the merits of the specific matters before them" (Matter of Jeremy C., 76 Misc 3d 816 [Family Ct, Kings County 2022]). The statutes of limitations enacted by the legislature, as construed by the courts, are clear. As applied to the facts herein, Plaintiff's action was commenced too late.

Conclusion
Defendant MTGLQ Investors, L.P.'s motion to dismiss Plaintiff's complaint with prejudice is GRANTED. The first and second causes of action in the complaint fail to state a cause of action. The third, fourth, and fifth causes of action in the complaint were interposed beyond that respective statutes of limitations. Upon submission to her of a properly drafted proposed judgment, the County Clerk shall enter judgment dismissing Plaintiff's complaint [*7]against Defendant MTGLQ Investors, L.P.
E N T E R
HON. AARON D. MASLOW
Justice of the Supreme Court of the State of New York

Footnotes

Footnote 1:The Court calls attention to the provisions requiring that an opinion or decision be included in the record on appeal should an appeal be taken (see CPLR 5526; 22 NYCRR 1250.7 [b] [4], [d] [1] [iii]). Transcripts may be procured from the court reporter (see Matter of Lewandowski v Office of Ct. Admin., 173 Misc 2d 335 [Sup Ct, Albany County 1997]).

Footnote 2:CPLR 3211 (a) (1) enables dismissal of a cause of action on the ground that a defense is founded upon documentary evidence. Defendant MTQLG has not proffered any documentary evidence. Therefore, its motion is not being considered under this provision. That branch of the motion asserting statutes of limitation are considered since dismissal under that ground would be appropriate pursuant to CPLR 3211 (a) (5). Similarly, that branch of the motion asserting failures to state a cause of action are considered under CPLR 3211 (a) (7).

Footnote 3:Defendant MTGLQ also asserted that it was not Plaintiff's landlord, so Real Property Law § 223-b does not apply. Plaintiff appears not to contest this (see plaintiff opposition ¶ 29). He did not contest this at oral argument.