■ DARIA CARTER-CLARK, Appellant, v RANDOM HOUSE, INC., et al., Respondents. [793 NYS2d 394]—

Order, Supreme Court, New York County (Richard F. Braun, J.), entered October 15, 2003, which granted defendants' motion for summary judgment dismissing the complaint, and order, same court and Justice, entered August 2, 2004, which, to the extent appealable, denied plaintiff's motion to renew consideration of defendants' summary judgment motion, unanimously affirmed, with one bill of costs.

Plaintiff is the Site Advisor for the adult literacy program of the New York Public Library Centers for Reading and Writing, Harlem Branch. She brought this action for, inter alia, libel and negligence claiming that the librarian depicted in the first chapter of defendant Klein's 1996 best-selling book, *Primary Colors: A Novel of Politics*, was based on her. Plaintiff argues that *Primary Colors* was not a work of fiction because it is considered a roman a clef. It is a novel nonetheless, as its title suggests, publicized as fiction and appearing on the fiction best seller list (*see Hicks v Casablanca Records*, 464 F Supp 426, 430-31 [SD NY 1978]). The same conclusion is warranted from a reading of the book as a whole (*see Julian v American Bus. Consultants*, 2 NY2d 1, 14 [1956]), and after construing the words and phrases in their context (*see James v Gannett Co.*, 40 NY2d 415, 419 [1976]). Although the book was inspired by real-life personalities and events, it was still fiction, and must be analyzed as such in this libel suit.

There has been no demonstration that the librarian character is "of and concerning" plaintiff (*Allen v Gordon*, 86 AD2d 514, 515 [1982], *affd* 56 NY2d 780 [1982]), i.e., that the description of the fictional character is so closely akin to her that a reader of the book, knowing the real person, would have no difficulty linking the two (*see Springer v Viking Press*, 90 AD2d 315, 320 [1982], *affd* 60 NY2d 916 [1983]). We find that the Supreme

Court properly deemed any purported similarities to be superficial in its appropriate role to determine whether a complaint sufficiently alleges that a fictional character refers to the plaintiff (*see Springer,* 60 NY2d 916 [1983], *supra*).

In view of the relevant case law and the fact that the record demonstrates this book was a work of fiction, plaintiff's claim for libel was properly dismissed. For the same reason, the court properly dismissed plaintiff's claim of negligence against Random House, since, in dealing with a work of fiction, the publisher was not obligated to take any greater steps than it did (*cf. Rinaldi v Holt, Rinehart & Winston,* 42 NY2d 369, 382-383 [1977], *cert denied* 434 US 969 [1977]).

The IAS court did not err in denying plaintiff's motion to renew defendants' summary judgment motion. Even though plaintiff had not yet secured her experts before submitting her opposition papers in the first motion practice, the record reflects that she could have located them if she had exercised due diligence (*see Matter of Weinberg,* 132 AD2d 190, 210 [1987], *lv dismissed* 71 NY2d 994 [1988]). Concur—Marlow, J.P., Ellerin, Nardelli, Williams and Sweeny, JJ. [*See* 196 Misc 2d 1011 (2003).]