(February 28, 2008)

■ The People of the State of New York, Respondent, v James Pendergrast, Appellant. [853 NYS2d 295]—

Order, Supreme Court, New York County (Ruth L. Sussman, J.), entered on or about June 13, 2005, which adjudicated defendant a level two sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.

Due to a typographical error in a cover letter attached to the risk assessment instrument, the People inadvertently agreed that defendant should be adjudicated a level one sex offender. Accordingly, the court properly exercised its discretion when it granted the People's motion to "reopen" the sex offender registration proceeding (*see People v Wroten*, 286 AD2d 189 [2001], *lv denied* 97 NY2d 610 [2002]; *see also Martinez v Hudson Armored Car & Courier*, 201 AD2d 359, 361 [1994]).

At the further hearing, the People met their burden of establishing, by clear and convincing evidence, risk factors bear-

ing a sufficient total point score to support a level two adjudication. Grand jury testimony and other reliable information, as well as the reasonable inferences to be drawn therefrom, supported each of the risk factors at issue (*see* Correction Law § 168-n [3]; *People v Dort*, 18 AD3d 23, 25 [2005], *lv denied* 4 NY3d 885 [2005]), and we have considered and rejected defendant's arguments as to each factor.

Defendant's challenges to the choice of risk factors made by the Legislature and the Board of Examiners of Sex Offenders are both waived and without merit (*see People v Bligen*, 33 AD3d 489 [2006]; *People v Joe*, 26 AD3d 300 [2006], *lv denied* 7 NY3d 703 [2006]). Concur—Lippman, P.J., Friedman, Williams and Acosta, JJ.