Cayuga Nation v Showtime Networks Inc. (2021 NY Slip Op 01139)





Cayuga Nation v Showtime Networks Inc.


2021 NY Slip Op 01139


Decided on February 23, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 23, 2021

Before: Kapnick, J.P., Webber, Mazzarelli, Oing, JJ. 


Index No. 157902/19 Appeal No. 13179 Case No. 2020-03854 

[*1]Cayuga Nation, et al., Plaintiffs-Appellants,
v
Showtime Networks Inc., et al., Defendants-Respondents.


Barclay Damon LLP, Syracuse (Lee Alcott of counsel), for appellants.
Davis Wright Tremaine LLP, New York (Elizabeth A. McNamara of counsel), for
respondents.



Order, Supreme Court, New York County (Kathryn E. Freed, J.), entered July 17, 2020, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss the causes of action for defamation and defamation per se, unanimously affirmed, without costs.
Plaintiffs allege that in an episode of the television series Billions they were falsely portrayed as having been involved in an illegal casino land deal, bribery of a public official, and blackmail. To the extent asserted by plaintiff Cayuga Nation, their claims were correctly dismissed on the ground that a governmental entity cannot maintain a libel claim (see New York Times Co. v Sullivan, 376 US 254, 291-292 [1964]; see e.g. Lazore v NYP Holdings, Inc., 61 AD3d 440 [1st Dept 2009]). Contrary to Cayuga Nation's contention, First Amendment principles are applicable to cases involving libel claims arising from fictional works of entertainment (see e.g. Gravano v Take-Two Interactive Software, Inc., 142 AD3d 776 [1st Dept 2016], affd 31 NY3d 988 [2018]; Batra v Wolf, 2008 NY Slip Op 30821[U] [Sup Ct, NY County, Mar. 14, 2008]). Supreme Court reasonably rejected plaintiffs' conclusory contention that the episode referred to plaintiff Halftown individually, and the episode can reasonably be said to concern how the Cayuga Nation "governs," as it depicts the Nation's involvement in a land deal and its decision to support a particular character in connection with a mobile voting program that he seeks to implement. While plaintiffs argue that Native American tribes are a unique kind of government entity, they do not explain how that uniqueness bears on the libel analysis at issue.
The claims asserted by plaintiff Halftown were also correctly dismissed. Supreme Court correctly found that the allegedly defamatory matter in the episode was not "of and concerning" Halftown, that is, the fictional character Jane Halftown was not "so closely akin" to plaintiff that a viewer "would have no difficulty linking the two"(see Carter-Clark v Random House, Inc., 17 AD3d 241, 241-242 [1st Dept 2005]; Springer v Viking Press, 90 AD2d 315 [1st Dept 1982], affd 60 NY2d 916 [1983]; see also Welch v Penguin Books USA, Inc., 1991 NY Misc LEXIS 225 at *7-10 [Sup Ct, Kings County 1991]). The facts that the fictional character Jane Halftown and plaintiff Halftown are both Cayuga, have the same surname, and hold the same or similar positions within the Cayuga tribe do not alter that conclusion (see e.g. Frank v National Broadcasting Co., 119 AD2d 252 [2d Dept 1986], appeal withdrawn 70 NY2d 641 [1987]; Allen v Gordon, 86 AD2d 514 [1st Dept 1982], affd 56 NY2d 780 [1982]). As noted by Supreme Court, the requisite connection could also not be drawn between the fictional character Jane Halftown and plaintiff Halftown, given plaintiffs' failure to allege that plaintiff Halftown
was involved in negotiating real estate deals or in electoral issues.
We have considered plaintiffs' remaining arguments [*2]and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 23, 2021