People v Adams (2023 NY Slip Op 04490)

People v Adams

2023 NY Slip Op 04490

Decided on September 07, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 07, 2023

Before: Renwick, P.J., Kapnick, Gesmer, Moulton, Shulman, JJ. 

Ind No. 1362/05 Appeal No. 15788 Case No. 2018-4729 

[*1]The People of the State of New York, Respondent,
v
Ernest Adams, Defendant-Appellant.

Janet E. Sabel, The Legal Aid Society, New York (Harold V. Ferguson, Jr. of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Jillian Lewis of counsel), for respondent.

Order, Supreme Court, New York County (Patricia M. NuÑez, J.), entered on or about June 9, 2017, which, upon vacating a prior order of the same court and Justice entered on or about May 31, 2017, adjudicated defendant a level three sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously reversed, on the law, without costs, and the prior order adjudicating defendant a level two offender reinstated.
We reverse defendant's adjudication as a level three sex offender and reinstate defendant as a level two sex offender because the motion court abused its discretion in granting the People's motion to reopen the SORA hearing.
On July 13, 2005, defendant pleaded guilty to criminal sexual act in the first degree (Penal Law § 130.50 [1]), robbery in the first degree (Penal Law § 160.15 [3]), burglary in the first degree (Penal Law § 140.30 [3]), and sexual abuse in the first degree (Penal Law § 130.65 [1]). He was sentenced to 7 years in prison on his conviction of sexual abuse in the first degree and 12 years in prison on his remaining convictions, which all ran concurrently. Defendant was also required to register as a sex offender.
On or about March 9, 2017, the Board of Examiners of Sex Offenders (the Board) assessed defendant a total of 125 points, rendering him a presumptive risk level three offender. As relevant here, the Board assessed defendant 20 points under factor seven for being a stranger to the victim.
A SORA hearing was initially scheduled for April 6, 2017. The assigned Assistant District Attorney (ADA) did not appear, and a colleague who stood in for her requested an adjournment, which the motion court granted. On April 27, 2017, the assigned ADA was again not present. Her colleague who appeared for her requested a one-week adjournment. The motion court denied the requested adjournment and proceeded with the hearing.
At the hearing, defendant disputed the Board's assessment of 20 points under risk factor seven, based on its conclusion that he was a stranger to the victim. Defendant argued that he knew the victim because they lived in the same apartment complex, the victim was the girlfriend of a man with whom defendant was associated, and he had visited the victim's apartment on numerous occasions. The motion court read into the record a summary of defendant's statement to the police at his arrest in which he described the victim and stated that he had seen her before and with her children. Nonetheless, the motion court concluded that he "clearly" did not know the victim.
Defendant then argued that he had other mitigating factors which were not taken into consideration by the risk assessment instrument (RAI). The motion court adjourned the hearing to May 18, 2017, and directed the People to respond in writing or orally on the record at that time to defendant's arguments.
On May 18, 2017, the assigned ADA did not appear and did not submit anything in writing. Her colleague [*2]who appeared on her behalf represented that the assigned ADA was on trial. The motion court expressed its unhappiness that the assigned ADA had not submitted anything in writing, and asked her colleague why she had not done so. Her colleague was unable to answer the question and did not make any record in response to defense counsel's arguments. The motion court adjourned the case to May 30 and stated that on that date, it would make its decision "with or without the D.A.'s input."
On May 31, 2017, the assigned ADA appeared, and the hearing continued. The motion court observed that it had not credited defendant's statement to the police in which he described the victim and said he had seen her before, which indicated some level of familiarity. The motion court further noted that, after the April 27 hearing, it had received a letter from defendant in which he stated he assaulted the victim because he resented her partner. The motion court found defendant had some level of familiarity with the victim and reduced the calculation by 20 points for risk factor seven.
The ADA did not submit anything in writing. She objected to the motion court's reasoning, and argued that defendant's letter, written long after the incident, did not establish that he and the victim were known to each other at the time of the assault. In addition, the assigned ADA claimed that she had been informed by defense counsel that counsel was not going to challenge those points and, as a result, she had not brought rebuttal evidence. The motion court, however, specifically noted that counsel had extensively challenged factor seven. The ADA continued to argue that, even if defendant knew the victim from the neighborhood, it did not mean that he was known to her, nor did it contradict that she believed she was attacked by a stranger. The motion court rejected this argument, reduced defendant's RAI score by 20 points and adjudicated defendant a risk level two sex offender.
On June 7, 2017, the People moved by notice of motion for an order reconsidering and vacating the risk level two determination and reopening the hearing to determine defendant's correct risk level on factor seven "reflecting the defendant's status as a stranger to the victim." The motion papers did not cite any statutory or other basis for the motion. The People attached to the ADA's affirmation the Grand Jury minutes, the NYPD complaint form and follow-up information, including the interview of the victim, the interview of the victim's sister, the photo array, the lineup, and handwritten statements by defendant. The People contended that, prior to the SORA hearing, defense counsel repeatedly stated that she was not challenging the RAI points and was only requesting a downward departure. In addition, the People asserted that the case information reflected that the statements relied on by the motion court actually concerned the victim's sister, who had the same last name. Finally, the People argued the victim's [*3]statements clearly indicated, consistent with defendant's statements, that she did not know defendant. The People requested that the hearing be reopened in the interest of justice to determine the appropriate risk factor score based on defendant's status as a stranger to the victim.
On June 9, 2017, the motion court heard argument on the People's motion. Defendant argued that the People's motion should be considered a motion to renew pursuant to CPLR 2221(e) since it was based on facts not offered in the prior motion. However, that section also requires that the motion contain "reasonable justification" for the failure to have presented the proffered facts on the prior motion. Defendant noted that all the evidence proffered by the People was in their possession prior to the first hearing date, and therefore the motion should be denied. The ADA did not dispute that the proffered facts were all in her possession at the time of the earlier motion, nor did she provide a "reasonable justification" for her failure to proffer them earlier. Nonetheless, the motion court granted the People's application to reopen the SORA hearing, by deeming it a motion for leave to reargue and renew based on the theory that the court had overlooked matters of fact. The motion court then relied on the new materials submitted by the People and concluded that the victim and defendant were strangers and added back the 20 points for risk factor seven to defendant's RAI score. The motion court amended its prior order by adjusting defendant's final risk level determination back to three.
As relevant here, there are three ways in which a court could amend its SORA determination.[FN1] First, a party may move for leave to renew. A court may grant a motion for leave to renew only where (1) the motion alleges new facts and (2) the movant provides reasonable justification for not offering those facts in the original proceedings (CPLR 2221[e][2], [3]; NRZ Pass-Through Trust IV v Rouge, 199 AD3d 466, 466 [1st Dept 2021] ["new facts" were a matter of public record, no reasonable justification was provided for movant's failure to find and timely present the document]; Justino v Santiago, 116 AD3d 411, 411 [1st Dept 2014] [movant provided no excuse for failure to provide deposition testimony]). The court has discretion to determine what constitutes a reasonable justification (Rowe v NYCPD, 85 AD3d 1001, 1003 [2d Dept 2011]), and to relax the requirements of CPLR 2221(e) in the interest of justice (Sirico v F.G.G. Prods., Inc., 71 AD3d 429, 433-434 [1st Dept 2010] [failure to submit admissible evidence in opposition to motion for summary judgment was excusable because counsel reasonably believed defendant failed to make its prima facie case]).
Here, the People did not assert any reasonable justification for having failed to present their new evidence earlier. The People argue that their reasonable justification was that defense counsel repeatedly represented that she would not be challenging [*4]any of the point calculations on the RAI. However, this argument is contradicted by the record and untenable as a reasonable justification. The People were aware that defendant challenged the points on the RAI because on April 27, during the SORA hearing, defense counsel unambiguously contested the "stranger" points for risk factor seven. After the motion court instructed the People to respond in writing or orally on or before the next court date, the People failed to do so. Additionally, even if defendant had not challenged the points, the People would still have had the burden of proving all the facts supporting a risk determination by clear and convincing evidence (Correction Law § 168-n [3]).
Moreover, the People were not reasonably justified because the unfavorable SORA decision was a result of their failure to act. The People had the information in their possession before the hearing, were aware of defendant's argument, and the motion court gave the People ample time to respond to defendant's argument (see Rowe, 85 AD3d at 1003 ["(w)here, . . . 'new evidence' consists of documents which the plaintiff knew existed, and were in fact in his own possession at the time the initial motion was made, no reasonable justification exists for the plaintiff's failure to exercise due diligence by submitting the documents in the first instance"]). Therefore, the motion court should not have granted the People's application to reopen the SORA hearing by treating it as a motion for renewal.[FN2]
Second, a court has an inherent authority to reopen a hearing "to correct its own order to rectify a mistake of law or fact" on a SORA decision (People v Wroten, 286 AD2d 189, 196 [4th Dept 2001], lv denied 97 NY2d 610 [2002]; see also People v Pendergrast, 48 AD3d 356, 356 [1st Dept 2008], lv denied 10 NY3d 714 [2008][finding that the court properly exercised its discretion when it granted the People's motion to "reopen" the SORA proceeding after the People had inadvertently agreed that the defendant should be adjudicated a level one sex offender due to a typographical error in a cover letter attached to the RAI], citing Wroten, 286 AD2d 189). This inherent authority stems from the "overriding purposes and objectives of SORA" to, inter alia, "protect [] vulnerable populations and . . . the public from potential harm" (Wroten, 286 AD2d at 196-197).
Here, the motion court could not have acted based on its inherent authority because the motion court did not make a mistake in its initial decision. Defendant raised an argument pertaining to defendant's relationship to the victim. The motion court gave the People a chance to respond by adjourning the hearing. The People failed to present any additional materials to the motion court to respond to defendant's assertion. The motion court then made a proper decision based on the information in front of it. Thus, there was no basis for the motion court to exercise its inherent authority.
Third, a new hearing can be ordered to [*5]give the People an opportunity to make an application for an upward modification where the People refrained from making that argument when the motion court assessed points which resulted in the defendant being assigned presumptively to the level sought by the People (People v Weber, __NY3d__, 2023 NY Slip Op 03301 [2023]). In Weber, the defendant was convicted of an offense which mandated him to be registered with SORA (id. at *1). The Board assessed the defendant 110 points on the RAI, including 10 points under factor one for the use of forcible compulsion, and deemed the defendant a level three sex offender (id. at *1). At the SORA hearing, the defendant disputed the points for factor one for forcible compulsion and requested a downward departure to level two (id. at *2). The People supported the Board's assessment of points and did not request an upward departure in the event a reduction was granted (id. at *2). The County Court rejected defendant's arguments and assessed the defendant a level three sex offender (id. at *2). 
On appeal, the Appellate Division reversed and remitted the matter to the County Court for further proceedings (id. at *2). The Appellate Division found that County Court erred in assessing 10 points for factor one with the result that the defendant should have been classified as a presumptive level two offender. On remittal, the defendant moved to preclude the People from seeking an upward departure from presumptive risk level two because the People had not raised that argument in the original hearing (id. at *2). The County Court denied that motion, granted an upward departure from the presumptive risk level of two, and adjudicated the defendant a level three violent offender (id. at *2). The Court of Appeals held that the Appellate Division permissibly remitted the case to the County Court for a determination of whether an upward departure was warranted, even though the People had not requested an upward departure in their original SORA hearing (id. at *5). The Court of Appeals reasoned that a "rehearing should be ordered where an 'error of law' by the hearing court resulted in a less than 'full opportunity for the People to address what could otherwise be a dispositive issue" (id. at *4). The Court of Appeals noted that its decision was limited to "the facts presented" in that case (id. at *1).
In this case, the People failed to introduce materials that might have led to a decision in their favor. Weber does not shield the People from their own inaction or error. Instead, Weber allows the People to present arguments they would have made if the motion court had not entered an erroneous order in the People's favor. Indeed, the Court of Appeals specifically stated that its decision was entirely consistent with People v Havelka, (45 NY2d 636 [1978]), in which, as here, "there was no erroneous ruling by the [nisi prius] court to lull the People into complacency" (Weber, __NY3d__, 2023 NY Slip Op 03301 at *5 [internal [*6]quotation marks omitted]). Here, the motion court properly gave
the People time to respond to defendant's assertions and the People chose to introduce the new materials only belatedly. Thus, a new hearing is not warranted under Weber.
Therefore, the motion court had no basis for granting the People's motion. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 7, 2023

Footnotes

Footnote 1: A party may also move to reargue under CPLR 2221. A motion for leave to reargue is appropriate only when there are no new facts offered (CPLR 2221[d][2]["shall not include any matters of fact not offered on the prior motion"]). As both parties concede, a motion for leave to reargue is inapplicable here because the motion court based its decision on matters of fact not offered on the prior SORA application.

Footnote 2: The motion court also could not have granted the People's motion by treating it as a motion for renewal because it was not specifically identified as a "motion for renewal." A motion for renewal requires it to be identified as such (CPLR 2221[e]["shall be identified as (a motion for renewal)]"). Here, the People's written motion does not state that it is making a motion for renewal, but rather claims that it is seeking relief "in the interest of justice."