MTGLQ Invs., L.P. v Vazquez (2024 NY Slip Op 05059)

MTGLQ Invs., L.P. v Vazquez

2024 NY Slip Op 05059

Decided on October 15, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 15, 2024

Before: Webber, J.P., Kapnick, Kennedy, Scarpulla, Shulman, JJ. 

Index No. 810148/12 Appeal No. 2820, M-04289 Case No. 2023-06758 

[*1]MTGLQ Investors, L.P., Plaintiff-Respondent,
v
James Vazquez, Defendant-Appellant, City of New York Environmental Control Board, et al., Defendants, United Jewish Organizations of Williamsburg Inc., Amicus Curiae.

Jones Law, P.C., Warwick (Douglas M. Jones of counsel), for appellant.
Friedman Vartolo LLP, New York (Ronald P. Labeck of counsel), for respondent.
Aidala Bertuna & Kamins, P.C., New York (John M. Leventhal of counsel), for amicus curiae.

Order, Supreme Court, New York County (Francis A. Kahn III, J.), entered November 15, 2023, which denied defendant's CPLR 5015 motion to vacate the judgment of foreclosure and sale, unanimously affirmed, with costs.
The motion court properly denied defendant's CPLR 5015(a) motion seeking to vacate the September 24, 2019 judgment of foreclosure and sale. Defendant identified no applicable basis to vacate the judgment under CPLR 5015(a)(1) through (5). While a court may vacate a judgment in the interests of substantial justice (Woodson v Mendon Leasing Corp., 100 NY2d 62, 68 [2003]), a change in the law by itself does not warrant vacatur in the interests of justice (see e.g. Redeye v Progressive Ins. Co., 158 AD3d 1208, 1209 [4th Dept 2018]). Moreover, there is no evidence in the record that the discontinuance of the 2005 proceeding in 2011, which acted to "de-accelerate" the loan, was rooted in "fraud, mistake, inadvertence, or excusable neglect" (see CPLR 5015(a); (Go Sweat, LLC v GRA Legal Title Trust 2013-1, U.S. Bank, N.A., 225 AD3d 486, 487 [1st Dept 2024] [internal quotation marks]).
The motion court also properly declined to treat defendant's motion as one to renew, as the motion was not specifically identified as such (see CPLR 2221[e][1]; People v Adams, 219 AD3d 1178, 1183 n 2 [1st Dept 2023]).
M-04289 MTGLQ Investors, L.P. v James Vazquez Motion to file amicus curiae brief, granted.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 15, 2024