Forbes v City of New York (2025 NY Slip Op 04608)

Forbes v City of New York

2025 NY Slip Op 04608

Decided on August 07, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: August 07, 2025

Before: Moulton, J.P., Mendez, Rodriguez, Pitt-Burke, Rosado, JJ. 

Index No. 301007/17|Appeal No. 4160|Case No. 2024-01195|

[*1]Gregory Forbes, Plaintiff-Respondent,
v
The City of New York, et al., Defendants-Appellants, P.O. Thomas Amato of the 42nd Detective Squad, Tax Reg. #945134, et al., Defendants.

Muriel Goode-Trufant, Corporation Counsel, New York (Janet L. Zaleon of counsel), for appellants.
Sim & Associates PLLC, Bayside (Sang J. Sim of counsel), for respondent.

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered on or about January 16, 2024, which, to the extent appealed from, granted plaintiff's motion for leave to renew defendants' motion to dismiss plaintiff's complaint pursuant to CPLR 3211(a)(5), (7), and 3212 and, upon renewal, reinstated plaintiff's state and federal claims for malicious prosecution as against defendants the City of New York, Detective Shane Rogers, and Police Officer Anthony Batista, unanimously affirmed, without costs.
Plaintiff moved for renewal based on a recently obtained affidavit from a nonparty witness who averred that her prior testimony before the grand jury and later at plaintiff's criminal trial had been coerced by the police and fabricated. A party seeking renewal ordinarily must show that they made diligent efforts to obtain the evidence now relied upon and provide a reasonable justification for failing to include it in the prior motion (CPLR 2221[e][2], [3]; see e.g. People v Adams, 219 AD3d 1178, 1181-1182 [1st Dept 2023]; Luna v Port Auth. of N.Y. & N.J., 21 AD3d 324, 325-326 [1st Dept 2005]). Courts also "have discretion to relax this requirement and to grant such a motion in the interest of justice" (Matter of Pasanella v Quinn, 126 AD3d 504, 505 [1st Dept 2015], quoting Mejia v Nanni, 307 AD2d 870, 871 [1st Dept 2003]). "Indeed, this Court has held that even if the rigorous requirements for renewal are not satisfied, such relief may still be granted so as not to defeat substantive fairness" (Rancho Santa Fe Assn. v Dolan-King, 36 AD3d 460, 461 [1st Dept 2007]; see also Tishman Constr. Corp. of N.Y. v City of New York, 280 AD2d 374, 377 [1st Dept 2001]).
Although plaintiff's justification for failing to include a statement from the witness with its prior motion was conclusory, Supreme Court's decision to grant the motion was nevertheless proper under the circumstances (see Matter of Pasanella, 126 AD3d at 505; Rancho Santa Fe Assn., 36 AD3d at 461). Contrary to defendants' argument that plaintiff should have timely obtained the affidavit, his failure to do so was not "solely attributable to [his] own lack of diligence" (Matter of Chartier [Cameo House Owners], 254 AD2d 14, 15 [1st Dept 1998]; see also Carter-Clark v Random House, Inc., 17 AD3d 241, 242 [1st Dept 2005]). At the criminal trial, the witness denied on cross-examination that she had been coerced by NYPD personnel to give false testimony. There is nothing in the record to indicate that plaintiff should have anticipated that the witness would later disavow that statement.
We have considered the parties' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: August 7, 2025