■ PARK ROYAL OWNERS, INC., Respondent-Appellant, v LYNN GLASGOW et al., Appellants-Respondents. [797 NYS2d 458]—

Order, Supreme Court, New York County (Helen E. Freedman, J.), entered June 3, 2004, which denied defendants' motion for summary judgment dismissing the complaint and plaintiff's cross motion for partial summary judgment on liability and for an assessment of damages, unanimously modified, on the law, defendants' motion for summary judgment granted except with respect to plaintiff's allegations regarding defendants' decisions to postpone the shareholders' annual meeting and to sue the sponsor in the first litigation between the parties, and otherwise affirmed, without costs.

Defendants are former board members of plaintiff residential cooperative corporation. Prior to their election, the sponsor controlled the board, the former management company, a commercial lease in the building, and held a wraparound mortgage on the premises. Upon their election as independent directors, defendants constituted a majority of the board; the remaining board members were appointed by the sponsor. Defendants undertook a forensic accounting of the cooperative corporation's finances and a physical inspection of the facility and its management, finding numerous ambiguities and alleged irregularities in the financing and management of the building, in addition to a degraded physical plant. The board hired a new accounting firm, a new managing agent, a new law firm, a real estate appraisal firm to ascertain the market value of the commercial lease held by the sponsor's principal, eventually adjusted that rent, undertook to stabilize the building's finances, and when arbitration seemed not to be a prospective remedy, sued the sponsor. Defendants postponed a shareholders' annual meeting over a dispute as to the sponsor's voting rights, which led to additional litigation. Ultimately, through its control of a significant bloc of votes, defendants were not reelected and the sponsor and its principals now apparently control the board again. The initial lawsuit against the sponsor, after surviving a motion for summary dismissal, has been withdrawn. In the present ac-

tion, the cooperative corporation, acting through the reconstituted board, sues the former board members in connection with several of these decisions.

With respect to most decisions made by defendants when they served as elected members of the cooperative board, the record, including the minutes of board meetings and other documentation, establishes that they acted within the scope of their authority, honestly and in good faith. Nor does the record contain even a scintilla of self-dealing by defendants. Accordingly, defendants are entitled to the presumptions and protections afforded by the business judgment rule (*Matter of Levandusky v One Fifth Ave. Apt. Corp.*, 75 NY2d 530 [1990]). Moreover, no factual basis exists in the record to support what are essentially speculative and conjectural claims by plaintiff (*Jones v Surrey Coop. Apts.*, 263 AD2d 33, 36 [1999]), which has failed to demonstrate that defendants breached their fiduciary obligations (*10 E. 70th St. v Gimbel*, 309 AD2d 644 [2003]).

However, the record contains inadequate documentation from which to conclude that defendants acted within the scope of their authority, as a board, when they decided to sue the sponsor in the first instance, rather than seek arbitration. The record includes an attorney's letter retrospectively averring that counsel advised defendants on litigation strategy in the absence of the sponsor's appointees to the board, insofar as the sponsor's appointees had interests adverse to the corporation. It does not follow from this, however, that defendants acted as board members in any formal sense when making the decision to sue, such as might have been established, inter alia, by minutes of a contemporaneous board meeting. Similarly, we cannot conclude from the present record whether defendants acted as a board and within the scope of their authority when they postponed the annual meeting (during which the election would have been conducted) beyond the period required by the cooperative's bylaws. Hence, issues of fact remain as to the allegations contained in paragraphs 21, 22, 24 and 25 of the complaint. Concur—Tom, J.P., Saxe, Marlow, Ellerin and Catterson, JJ.