■ KEITH D. SILVERSTEIN, Appellant, v WESTMINSTER HOUSE OWNERS, INC., et al., Respondents, et al., Defendants. [855 NYS2d 64]—

Order, Supreme Court, New York County (Walter B. Tolub, J.), entered December 3, 2007, which denied plaintiff's motion to dismiss defendants' counterclaim and second and fourth af-

firmative defenses and granted the cross motion of defendants Westminster House Owners, Inc., Schrager and Kaufman for dismissal of the complaint, unanimously modified, on the law, to the extent· of dismissing the counterclaim, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.

Plaintiff, a former shareholder of defendant cooperative apartment corporation, commenced this action against the cooperative and its directors for breach of fiduciary duty and related claims, based on defendants' allegedly improper failure to approve the sale of plaintiff's shares and proprietary lease to prospective purchasers.

Plaintiff's allegations of self-dealing and misconduct against Schrager and Kaufman, the two individual defendants remaining in the action, are based on the fact that their wives are real estate brokers who had entered into a 90-day exclusive listing agreement with plaintiff, which ended several months before defendants' alleged misconduct took place, to market the sale of the shares associated with plaintiff's apartment.

The proper standard of judicial review of decisions by residential cooperative corporations is the business judgment rule (*see Matter of Levandusky v One Fifth Ave. Apt. Corp.*, 75 NY2d 530, 537-538 [1990]), which places on the party seeking review of a cooperative board's decision the burden of demonstrating a breach of fiduciary duty (*id.* at 539; *see also Auerbach v Bennett*, 47 NY2d 619, 629 [1979]). Plaintiff's speculative allegations as to the directors' rejection of the application of one prospective purchaser and the imposition of conditions on another, who contracted to—and ultimately did—purchase the apartment, lack an evidentiary basis and are insufficient to sustain a cause of action for breach of fiduciary duty (*see Park Royal Owners, Inc. v Glasgow*, 19 AD3d 246, 248 [2005]; *Simpson v Berkley Owner's Corp.*, 213 AD2d 207 [1995]). For the same reason, plaintiff's breach of contract claim, based upon defendants' alleged breach of the proprietary lease's implied covenant of good faith and fair dealing, was properly dismissed. Plaintiff cannot avoid dismissal by further speculating that discovery would provide the necessary evidence (*see Auerbach* at 636; *Cooper v 6 W. 20th St. Tenants Corp.*, 258 AD2d 362 [1999]).

As there is no allegation that plaintiff was in default of the lease, the cooperative corporation was not entitled to recover attorney's fees pursuant to paragraph 28 of the proprietary lease, and its counterclaim seeking such relief should have been dismissed (*see Dupuis v 424 E. 77th Owners Corp.*, 32 AD3d 720, 721 [2006]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Lippman, P.J., Tom, Williams and Acosta, JJ. [*See* 2007 NY Slip Op 33898(U).]