■ ZORAN MILOSEVIC, Appellant, v OWEN O'DONNELL et al., Respondents, et al., Defendants. [934 NYS2d 375]—

The motion court properly dismissed the fourth and fifth causes of action as against Joost, alleging negligence and "intentional and/or wanton conduct" respectively. The causes of action fail to state a claim under the theory of respondeat superior. Pursuant to that doctrine, an employer will not be vicariously liable for its employee's alleged assault "where the assault was not within the scope of the employee's duties, and there is no evidence that the assault was condoned, instigated or authorized by the employer" (*Yeboah v Snapple, Inc.*, 286 AD2d 204, 204-205 [2001]). Here, there is no allegation or indication that plaintiff's coworker acted within the scope of his employment when he allegedly attacked plaintiff or that the alleged assault was precipitated by a work-related issue. Indeed, the complaint alleged, among other things, that the coworker "lost control of his senses" and attacked plaintiff "for no apparent reason." Moreover, there is no allegation or indication that Joost condoned, instigated or authorized the alleged assault. That the coworker was the chief financial officer (CFO) of Joost is of no moment (*see Velasquez-Spillers v Infinity Broadcasting Corp.*, 51 AD3d 427, 428 [2008]).

The causes of action also fail to state a claim based on a theory of common-law negligence in sponsoring an event. Even viewing the facts alleged in the complaint in the light most favorable to plaintiff, at best the complaint alleges that a "culture" of alcohol use at off-premises, after-hours company events contributed to the company CFO becoming intoxicated at the party. There are no allegations or indication that Joost controlled the premises such that it could be held responsible for injuries caused by the intoxicated CFO (*see D'Amico v Christie*, 71 NY2d 76, 85 [1987]). Nor are there any allegations or indication that Joost was aware of the CFO's violent propensities when intoxicated or of the possibility of an assault (*see generally D'Amico*, 71 NY2d at 85; *Yeboah*, 286 AD2d at 205). Dismissal of the claims cannot be avoided by speculation as to what discovery might reveal (*see Silverstein v Westminster House Owners, Inc.*, 50 AD3d 257, 258 [2008]).

In view of the foregoing, we need not determine whether plaintiff's claims are barred by the Workers' Compensation Law. Concur—Mazzarelli, J.P., Andrias, Friedman, Catterson and Freedman, JJ. [**Prior Case History: 28 Misc 3d 1229(A), 2010 NY Slip Op 51549(U).**]