■ Sian Green, Respondent, v Fasyal Kabir Mohammad Himon et al., Defendants, and A+ Couriers, Appellant. [55 NYS3d 233]—

Order, Supreme Court, New York County (George J. Silver, J.), entered on or about October 3, 2016, which denied defendant A+ Couriers' pre-answer motion to dismiss the complaint as against it, unanimously reversed, on the law, without costs, and the motion granted pursuant to CPLR 3211 (a) (7). The Clerk is directed to enter judgment accordingly.

Plaintiff was severely injured when, while standing on the sidewalk, a taxicab hopped the curb and struck her. Just prior to the accident, the taxicab driver had an altercation with a bike messenger, defendant Olivo, who allegedly banged his hands and fists against the taxicab. The taxicab driver then al-

---

legedly steered his vehicle into the bike messenger, striking plaintiff in the process. Plaintiff alleges that A+ Couriers, as Olivo's employer, is vicariously liable for Olivo, who incited the altercation.

While the determination of whether a particular act of an employee is within the scope of his employment is heavily dependent on factual considerations, the complaint failed to state a cause of action against A+ Couriers on the theory of respondeat superior (*see generally Riviello v Waldron*, 47 NY2d 297, 303-305 [1979]). Accepting the allegation that Olivo was an employee of A+ Couriers at the time of the accident, his alleged conduct cannot be reasonably viewed as falling within the scope of his employment (*see Sauter v New York Tribune, Inc.*, 305 NY 442 [1953]). Although the precipitating dispute might have arisen while Olivo was acting in the course of his employment in making deliveries, his alleged inciting of an altercation or provoking the taxicab driver's assault cannot reasonably be construed as part of his duties as a bike messenger, or as acting in furtherance of his employer's interests (*see Lazo v Mak's Trading Co.*, 84 NY2d 896, 899 [1994, Titone, J., concurring]). The complaint is devoid of any allegations that A+ "condoned, instigated or authorized" Olivo's actions (*Milosevic v O'Donnell*, 89 AD3d 628, 629 [1st Dept 2011]).

In light of the foregoing, we need not address A+'s remaining arguments. Concur—Acosta, P.J., Renwick, Richter, Feinman and Webber, JJ.