Bulka v Metropolitan Life Ins. Co. (2020 NY Slip Op 00491)





Bulka v Metropolitan Life Ins. Co.


2020 NY Slip Op 00491


Decided on January 23, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2020

Renwick, J.P., Manzanet-Daniels, Kern, Oing, González, JJ.


10843 657560/17

[*1] Yochanan Bulka, Plaintiff-Respondent,
v
Metropolitan Life Insurance Company, Defendant-Appellant.


Rivkin Radler LLP, Uniondale (Stuart M. Bodoff of counsel), for appellant.
Jaroslawicz & Jaros PLLC, New York (David Tolchin of counsel), for respondent.



Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered March 11, 2019, which denied defendant's motion to dismiss plaintiff's cause of action under the New Jersey Consumer Fraud Act (NJ Stat Ann § 56:8—1, et seq.), and his claims for punitive damages, unanimously reversed, on the law, without costs, and the motion granted.
Plaintiff, a resident of New Jersey, commenced this action for breach of contract and violation of the New Jersey Consumer Fraud Act (NJCFA) when, after paying him disability benefits for two years, defendant determined after an investigation that he was no longer fully disabled and ceased paying him benefits. Defendant moved to dismiss plaintiff's claim for punitive damages on both counts, as well as his NJCFA claim. The parties concede that New Jersey law governs.
On appeal, plaintiff abandons his claim for punitive damages in connection with his cause of action alleging breach of contract. Moreover, the complaint fails to establish a claim for punitive damages under the New Jersey Punitive Damages Act (NJ Stat Ann § 2A:15-5.9-5.17), as there is no allegation that defendant's actions were motivated by "[a]ctual malice" or accompanied by a "[w]anton and willful disregard" of resulting harm (NJ Stat Ann § 2A:15-5.10).
A claimed wrongful denial of insurance benefits is not actionable under the NJCFA (see Myska v New Jersey Mfrs. Ins. Co., 440 NJ Super 458, 484-485, 114 A3d 761, 776-777 [2015], appeal dismissed 224 NJ 524, 135 A3d 144 [2016]), and the complaint, even when read in a light most favorable to plaintiff, fails to adequately allege misleading or deceitful conduct in the procurement and issuance of the policies at issue (compare Oravsky v Encompass Ins. Co., 804 F Supp 2d 228, 240 [D NJ 2011]). Furthermore, dismissal of a claim is warranted where, as here, the opposition is based solely on conjecture and speculation as to what discovery might reveal (see Milosevic v O'Donnell, 89 AD3d 628 [1st Dept 2011]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 23, 2020
CLERK