**Lee v Lyft, Inc.**

2024 NY Slip Op 34526(U)

December 18, 2024

Supreme Court, New York County

Docket Number: Index No. 153716/2022

Judge: Denise M. Dominguez

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. DENISE M DOMINGUEZ**                    PART                    35M

*Justice*

-----------------------------------------------------------------------X

MICHAEL LEE, PAMELA LEE

                                Plaintiff,

                        - v -

LYFT, INC., RYAN GRIFFITH,

                             Defendants.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 153716/2022 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39

were read on this motion to/for                   AMEND CAPTION/PLEADINGS        .

For the following reasons, Plaintiffs' motion to amend the complaint is denied.

The incident that gives rise to this action occurred on October 29, 2021 when it is alleged that Plaintiffs were verbally accosted, threatened, assaulted and/or improperly detained/confined by Defendant RYAN GRIFFIN, the driver of their hired Lyft vehicle. (NYSCEF Doc. 1).

Plaintiffs commenced this action by the filing of the complaint on May 2, 2022. (NYSCEF Doc. 1). Defendant LYFT, INC., "Lyft" answered on October 28, 2022 (NYSCEF Doc. 5). Lyft subsequently filed a motion to dismiss pursuant to CPLR §3211(a)(7) (Seq. 1). Lyft's motion was granted by Order (J. Latin) filed December 1, 2023 and entered on December 5, 2023 (NYSCEF Doc. 25, 26). Although Plaintiffs opposed the motion to dismiss, Plaintiffs did not seek to amend the complaint while the motion to dismiss was pending.

The decision dismissing the complaint as against Lyft was final and duly entered as of December 5, 2023. Plaintiffs did not seek to reargue, vacate or appeal the decision, and the time to do so has expired. Plaintiffs now seek to amend the complaint pursuant to CPLR §3025, against

**153716/2022  LEE, MICHAEL ET AL vs. LYFT, INC. ET AL**
**Motion No.  002**

Page 1 of 4

[* 1]

Lyft, who is no longer a party to this action, under the theory that amendments to pleadings are to be freely granted at any time, and that such amendments are permitted up to and even after trial.

Although the action itself was not completely disposed of, (the claims continued against GRIFFIN), as the decision dismissing the complaint against Lyft disposed of all of the causes of action against Lyft, the decision was final as to Lyft and should have been vacated or appealed from timely. (*See Roc-Le Triomphe Assocs., LLC v. DeSouza*, 220 N.Y.S.3d 28 [1st Dept 2024]; *Geronimo v. Guzman*, 216 A.D.3d 455 [1st Dept 2023]).

While leave to amend a pleading may be freely granted, Plaintiffs' reliance on *Kimso Apartments, LLC v. Gandhi*, 24 N.Y.3d 403 (2014) is not persuasive as *Kimso* did not involve a complaint that had been dismissed in its entirety against a defendant, but concerned a defendant's application to conform his pleading to the proof submitted at trial. Plaintiffs' reliance on *Donovan v. Rothman*, 253 A.D.2d 627 [1st Dept 1998] is unavailing as the plaintiff's motion to amend the complaint in *Donovan* was timely made as a motion to vacate and reargue.

Lyft opposes the motion, arguing that as the complaint was dismissed, there is no pleading before the Court for the court to amend. However, Lyft's reliance upon *Tanner v. Stack*, 176 A.D.3d 429 (1st Dept 2019) and *Wadsworth Ave. Assocs. v. Maynard*, 91 A.D.3d 452 1st Dept 2012) is not entirely analogous to the instant matter as, in *Tanner* and *Wadsworth*, the complaint had in fact been discontinued in its entirety against all defendants. Here, although the complaint was dismissed against Lyft, the complaint remained against GRIFFIN. Lyft also argues that the complaint is essentially dismissed in its entirety, per CPLR §3215(c) as GRIFFIN did not appear and as a motion for default against GRIFFIN was not pursued.

153716/2022  LEE, MICHAEL ET AL vs. LYFT, INC. ET AL
Motion No. 002

Page 2 of 4

2 of 4

[* 2]

Upon review, neither party has presented this Court with a clear basis for either granting or denying an application to amend the complaint under the present circumstances, against one of several defendants who was previously dismissed from the action.

However, if this Court were to permit such an application procedurally, upon review, Plaintiffs' motion is denied as Plaintiffs have shown that a viable cause of action against Lyft can be alleged as proposed in the amended complaint.

Initially, it should be noted that the Order dismissing the action specifically found that GRIFFIN's actions were beyond the scope of his employment and not in furtherance of Lyft's business. (*See Green v. Himon*, 151 A.D.3d 516 [1st Dept 2017]). Thus, to the extent that the proposed amended complaint seeks to reassert claims sounding in vicarious liability, Plaintiffs' motion is denied. This Court will not now reinstate a cause of action which was duly dismissed on the merits and for which the time to reargue, vacate or appeal has long expired.

As to the those claims sounding in negligent hiring, supervision, and/or training, which were found to be not clearly pled as the complaint did not allege that Lyft knew, or should have known, of any violent propensities of GRIFFIN, Plaintiffs seek to fix such deficiencies by now setting forth purported specific instances of past violent propensities on the part of GRIFFIN. Plaintiffs claim that Lyft should have become aware of such a history in doing a background check on GRIFFIN at the time of hiring. Plaintiffs assert that such a history can be seen in criminal complaints concerning GRIFFIN. (NYSCEF Doc. 32). However, no evidence has been submitted that the "Ryan Griffin" identified in the submitted NYPD complaints is in fact Defendant GRIFFIN. Additionally, the submitted documents are not certified and contain no verification from someone with knowledge as to their authenticity. Moreover, the records, which purport to be NYPD complaints, do not appear to reflect convictions. Thus, it is unclear to this Court whether

**153716/2022   LEE, MICHAEL ET AL vs. LYFT, INC. ET AL**
**Motion No.  002**

Page 3 of 4

these complaints could have been located in a background check for GRIFFIN as Plaintiffs allege. Finally, no explanation for why this supposed evidence of GRIFFIN's history of violent propensities was not or could not have been disclosed while Lyft's motion to dismiss was pending, or why it took four months after the motion was decided to disclose same. If the purported evidence was only recently discovered, no reasonable explanation has been offered as to why it took so long to identify. Accordingly, to the extent that Plaintiffs seek to amend the complaint as to the negligent hiring, supervision, and/or training causes of action the motion is denied.

Accordingly, it is hereby

ORDERED that Plaintiffs' motion to amend the complaint is denied; and it is further

ORDERED that this action remains dismissed as against Defendant LYFT, INC., and it is further

ORDERED that the action is severed and continued against the remaining Defendant; and it is further

ORDERED that the caption be amended to reflect the dismissal against Defendant LYFT, INC., and that all future papers filed with the court bear the amended caption; and it is further

ORDERED that, within 20 days from the entry of this order, movant shall serve a copy of this order with notice of entry on all parties and upon the Clerk of the General Clerk's Office, who are directed to mark the court's records to reflect the change in the caption herein; and it is further

ORDERED that such upon the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website)].

Any requested relief not expressly addressed herein has nonetheless been considered by the Court and is hereby expressly denied.

| 12/18/2024 | | DENISE M DOMINGUEZ, J.S.C. |
|---|---|---|
| DATE | | |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☐ GRANTED ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

153716/2022   LEE, MICHAEL ET AL vs. LYFT, INC. ET AL
Motion No.  002

Page 4 of 4

4 of 4

[* 4]