## Felder v Special Touch Home Care Servs., Inc.

### 2026 NY Slip Op 30789(U)

### March 3, 2026

### Supreme Court, New York County

### Docket Number: Index No. 153606/2020

### Judge: Christopher Chin

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   HON. CHRISTOPHER CHIN

*Justice*

PART   22

--------------------------------------------------------------------X

CHANDRA YATES FELDER,

Plaintiff,

- v -

SPECIAL TOUCH HOME CARE SERVICES, INC., MONICA
PERERA, CITI BIKE, NYC BIKE SHARE, LLC, LYFT, INC.,
CHRISTINA COOPER, NEUTRON HOLDINGS INC., and
NEUTRON HOLDINGS INC. D/B/A LIME-E,

Defendants.

--------------------------------------------------------------------X

INDEX NO.   153606/2020

MOTION DATE   07/31/2025

MOTION SEQ. NO.   006

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 006) 164, 165, 166, 167,
168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 183, 184, 185, 187, 188, 190

were read on this motion to/for                    JUDGMENT - SUMMARY                    .

Plaintiff Chandra Yates Felder brings this action to recover damages for personal injuries

allegedly sustained on November 8, 2018, when the motor vehicle operated by defendant Monica

Perera, ("Perera"), in which plaintiff was a passenger, was involved in a collision with the bicycle

operated by defendant Christina Cooper. Defendant Special Touch Home Care Services, Inc.,

("Special Touch"), moves for summary judgment, pursuant to CPLR 3212 to dismiss the complaint

and all cross-claims asserted against it. For the reasons set forth below, the motion is granted.

## Background

The accident occurred on November 8, 2018 near Bay and Grant Streets, Staten Island,

New York. Perera testified that she was employed as a home health aide by Special Touch and had

been assigned to plaintiff. Perera's duties as a home health aide involved in performing general

housework and grocery shopping and bathing plaintiff when needed. Perera, who personally leased

a Toyota RAV4 to travel to and from work, testified that she occasionally drove her vehicle to

153606/2020  FELDER, CHANDRA YATES vs. PERSONAL TOUCH HOME AIDES OF
Motion No. 006

Page 1 of 7

[* 1]

shop for plaintiff and Perera's other patients. Special Touch never furnished Perera with a vehicle and never reimbursed Perera for using her own vehicle when shopping for patients. Plaintiff never accompanied Perera on prior trips to the store, and Perera had never driven plaintiff anywhere before. Instead, on prior occasions, plaintiff would give Perera a list of items to purchase and a food stamp card, and Perera would drive her own vehicle to shop for those items. Similarly, when Perera accompanied plaintiff to medical appointments or the doctor's office, plaintiff's insurance paid for a taxi.

On the date of the accident, Perera drove plaintiff to a Western Beef supermarket as a favor to plaintiff. Perera did not tell anyone at Special Touch that she would be driving plaintiff in her vehicle that day. Perera explained that plaintiff got the food stamp money and wanted to do some shopping with her:

> "[plaintiff] got the food stamp that day and she told me she don't have money to pay for the taxi to go to the supermarket. That's why I help her. Usually when she go to the doctor's office, they pay for it. They call the cab from the insurance. But to go shopping, she didn't have money. She said, 'I don't have money, Monica. Please help me.' So I helped her go to the store without any money, you know? I took her to do the shopping'"

The accident occurred when Perera drove out of a parking lot with plaintiff as the front seat passenger. Perera stated that she intended to make a right turn onto Bay Street when a bicyclist riding on the sidewalk "came and hit my car, the passenger side." Perera testified that she was unaware that she was not supposed to take patients in her car and learned of this policy the day after the accident, when she reported the accident to her coordinator at Special Touch.

Plaintiff testified that Perera's duties as a home health aide involved cleaning, cooking, folding clothes, and reminding plaintiff to take her medication. The accident occurred as Perera was driving back to plaintiff's home from a Western Beef supermarket, where they had been

153606/2020 FELDER, CHANDRA YATES vs. PERSONAL TOUCH HOME AIDES OF
Motion No. 006

Page 2 of 7

shopping. Although Perera had been working as plaintiff's home health aide for five months before the accident, plaintiff testified that she had been inside Perera's vehicle "[m]aybe three times." Plaintiff would use Access-A-Ride when other home health aides did not have their own vehicles.

Shanna Medina, ("Medina"), vice president of operations at Special Touch, testified that Perera was employed as a home health aide by Special Touch on the date of the accident. Most of Special Touch's clients needed help with personal care, such as bathing, dressing, feeding or preparing food, and taking medication. Home health aides can accompany clients to the grocery store, medical appointments and social events. On those occasions, a home health aide can take public transportation, a car service, like Access-A-Ride or another service provided by an insurance company, or walk if the location was within 10 blocks of the client's home. Medina testified that "[i]t's against our policy for caregivers to use their personal vehicle to transport patients" and that home health aides are not permitted to drive patients in any other vehicle. Home health aides are given a copy of this policy, in effect since 2018, in writing during their initial orientation to the company and are given a verbal reminder every year. Medina further testified that Perera never sought permission from Special Touch to drive a patient in Perera's personal vehicle.

On April 6, 2018, Perera executed an "Acknowledgement of Orientation" form, indicating that Perera had received Special Touch's employee information manual. The section in the employee information manual titled "General" reads, in relevant part, "[y]ou are not allowed to ride or drive with the patient in your car or the patient's car."

Plaintiff commenced this action initially against Perera and others. According to the amended verified complaint, plaintiff alleges that defendants were negligent in the ownership, operation, maintenance and control of both the motor vehicle and the bicycle involved in the

accident. Plaintiff further alleges that Special Touch owned the motor vehicle involved in the accident and allowed Perera to operate that vehicle within the scope of her employment.

Special Touch now moves for summary judgment dismissing the complaint and all cross-claims asserted against it on the grounds that it did not own the vehicle involved in the collision and that it is not vicariously liable to plaintiff for Perera's alleged negligence. Plaintiff and Perera oppose, arguing that triable issues of fact preclude granting the application.

### Discussion

The proponent of a motion for summary judgment "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). If the moving party meets its prima facie burden, the opposing party must "'produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action'" (*Carlson v Colangelo*, 44 NY3d 116, 124 [2025], *rearg denied* 44 NY3d 986 [2025] [citation omitted]). The moving party's failure to meet its prima facie burden warrants denial of the motion, rendering it "unnecessary to review the sufficiency of the... opposition papers" (*Pullman v Silverman*, 28 NY3d 1060, 1063 [2016]).

"The doctrine of respondeat superior renders an employer vicariously liable for torts committed by an employee acting within the scope of the employment" (*Judith M. v Sisters of Charity Hosp.*, 93 NY2d 932, 933 [1999]). "Pursuant to this doctrine, the employer may be liable when the employee acts negligently or intentionally, so long as the tortious conduct is generally foreseeable and a natural incident of the employment" (*id.*). "'An act is considered to be within the scope of employment if it is performed while the employee is engaged generally in the business of the employer, or if the act may be reasonably said to be necessary or incidental to such

153606/2020 FELDER, CHANDRA YATES vs. PERSONAL TOUCH HOME AIDES OF          Page 4 of 7
Motion No. 006

4 of 7

[* 4]

employment'" (*Fernandez v Fernandez*, 216 AD3d 743, 745 [2d Dept 2023] [citation omitted]).

Ordinarily, whether an employee is acting within the scope of employment is a jury question (*see*

*Riviello v Waldron*, 47 NY2d 297, 303 [1979]). That said, the issue can be resolved as a matter of

law (*see Troy v Fagelman*, 190 AD3d 533, 534 [1st Dept 2021]), upon weighing the following:

> "the connection between the time, place and occasion for the act; the history of the relationship between employer and employee as spelled out in actual practice; whether the act is one commonly done by such an employee; the extent of departure from normal methods of performance; and whether the specific act was one that the employer could reasonably have anticipated"

(*Riviello*, 47 NY2d at 303).

As applied here, Special Touch has demonstrated its entitlement to summary judgment (*see*

*Meloe v Gardner*, 40 AD3d 1055, 1056 [2d Dept 2007] [employer not liable where its employee,

who was involved in a motor vehicle accident, acted outside the scope of employment]; *Goldfarb*

*v Hudson*, 75 AD2d 775, 775 [1st Dept 1980], *affd* 43 NY2d 654 [1981] [taxi company not liable

under a theory of respondeat superior where nothing in the record showed that the transfer of

plaintiff to the taxi driver's private vehicle "was within the range of things customarily done by a

taxi driver for a passenger"]). The record demonstrates that Perera's duties as a home health aide

involved performing general housework, accompanying plaintiff to medical appointments, and

shopping. Perera's work did not involve transporting plaintiff in Perera's personal vehicle for any

reason (*see Beres v Terranera*, 153 AD3d 483, 486 [2d Dept 2017] [because driving was not part

of the employee's job, the employer was not liable to the plaintiff under the doctrine of respondeat

superior for the motor vehicle accident]). Additionally, Special Touch's written policy expressly

prohibited home health aides from driving patients in any vehicle for any reason.

Furthermore, while grocery shopping formed part of Perera's duties, driving plaintiff to the

store was not necessary or incidental to completing that task and did not further Special Touch's

153606/2020 FELDER, CHANDRA YATES vs. PERSONAL TOUCH HOME AIDES OF                    Page 5 of 7
Motion No. 006

5 of 7

business (*see Fernandez*, 216 AD3d at 745; *Green v Himon*, 151 AD3d 516, 517 [1st Dept 2017], *lv dismissed* 30 NY3d 1013 [2017] [although the altercation with a taxicab driver arose while the bike messenger was making deliveries within the course his employment, the altercation "cannot reasonably be construed as part of his duties as a bike messenger, or as acting in furtherance of his employer's interest"]). Indeed, Perera admitted that she drove plaintiff to the supermarket as a favor to plaintiff (*see Jacobi v Fish*, 67 AD3d 1376, 1377 [4th Dept 2009] [private arrangement between plaintiff and driver to carpool together "necessitated the travel at the time of the collision, rather than [the driver's] employment with defendants"]). Perera also admitted that she never told anyone at Special Touch that she would be driving plaintiff to the supermarket (*see Goldfarb*, 75 AD2d at 775 [no showing that the driver's employer had authorized or directed its driver to transport plaintiff in the driver's personal vehicle]). Thus, Special Touch has shown that Perera was acting outside the scope of her employment with Special Touch when the accident occurred.

Special Touch has also demonstrated through Perera's testimony that Perera had leased the vehicle involved in the accident (NYSCEF Doc No. 178 at 26). As such, Special Touch cannot be held liable to plaintiff under Vehicle and Traffic Law § 388 (1), which imposes liability upon a motor vehicle owner for injuries caused by an operator's permissive use of the owner's vehicle.

Plaintiff and Perera fail to raise a triable issue of fact in opposition. Their argument that it was commonplace for Perera to drive plaintiff in Perera's vehicle is not supported. Perera testified that she had never driven plaintiff in Perera's vehicle before the date of the accident, and plaintiff's testimony that she had been inside Perera's vehicle "[m]aybe three times" over the previous five months hardly establishes a common practice.

Accordingly, it is

ORDERED that the motion of defendant Special Touch Home Care Services, Inc. for summary judgment is granted, and the complaint and all cross-claims are dismissed against said defendant; and it is further

ORDERED that the said claims and cross-claims against defendant Special Touch Home Care Services, Inc. are severed and dismissed, and the balance of the action shall continue against the remaining defendants; and it is further

ORDERED that the Clerk of the Court shall enter judgment in favor of defendant Special Touch Home Care Services, Inc. dismissing the claims and cross-claims made against it in this action, together with costs and disbursements to be taxed by the Clerk upon submission of an appropriate bill of costs.

| 3/3/2026 | | | CHRISTOPHER CHIN, J.S.C. | |
|----------|---|---|--------------------------|---|
| DATE | | | | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|------------|---|---------------|---|------------------------|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

[* 7]